Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
　　A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501　　　　Fax (323) 937-4503
e-mail: baruchcohen@baruchcohenesq.com

*Attorney For Defendant Nanette Denise Marchand*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>NANETTE DENISE MARCHAND,<br><br>　　Debtor<br><br>―――――――――――――――<br><br>ROBERT BANHART,<br><br>　　Plaintiff<br><br>vs.<br><br>NANETTE DENISE MARCHAND<br><br>　　Defendant | Case No. 6:17-bk-20091-MW<br><br>Adv. 6:18-ap-01059-MW<br><br>Before the Honorable Mark S Wallace<br><br>Chapter 7<br><br>**MOTION TO DISMISS ADVERSARY COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO: 1) 11 U.S.C. § 727(A)(2); 2) 11 U.S.C. § 727(A)(3); 3) 11 U.S.C. § 727(A)(4)**<br><br>[F.R.C.P. §§ 9(b), 12(b)(6); F.R.B.P. §§ 7009, 7012]<br><br>Date: 5-31-2018<br>Time: 9:00 am<br>Courtroom 6C<br>411 West Fourth Street, Santa Ana CA 92701 |

**TO PLAINTIFF ROBERT BANHART AND HIS ATTORNEY OF RECORD**:

**PLEASE TAKE NOTICE** that on 5-31-2018, at 9:00AM in the Courtroom of the Honorable Mark S Wallace, United States Bankruptcy Judge, Courtroom 6C located at the United States Bankruptcy Court Central District of California Ronald Reagan Federal Building and Courthouse 411 West Fourth Street, Suite 6135 / Courtroom 6C Santa Ana, CA 92701-4593, Debtor and Defendant NANETTE DENISE MARCHAND ("Defendant") moves for an order dismissing the *Adversary*

4/11-9:39am

1  *Complaint for Denial of Discharge Pursuant to: 1) 11 U.S.C. §727(A)(2); 2) 11 U.S.C. §727(A)(3);*
2  *3) 11 U.S.C. §727(A)(4)* ("Complaint") filed herein by Plaintiff ROBERT BANHART ("Plaintiff").
3  The *Motion to Dismiss* will be based on this Notice, on the attached Memorandum of Points
4  and Authorities, on all the papers and records on file in this action, and on such oral and documentary
5  evidence as may be presented at the hearing of the *Motion*.
6  Defendant brings this *Motion to Dismiss* pursuant to F.R.C.P. §§9(b), 12(b)(6), and F.R.B.P.
7  §§7009, 7012, on the grounds that Plaintiff has failed to state a claim upon which relief may be
8  granted. Plaintiff's Complaint fails to meet even the minimal elements of 11 U.S.C. §727(A)(2); 11
9  U.S.C. §727(A)(3); & 11 U.S.C. §727(A)(4). Plaintiff attempts to allege causes of action by providing
10 an excessive listing of vague, redundant, and ultimately confusing assertions of fact (many of which
11 only marginally qualify as facts), then, failing to apply those assertions to the elements of any given
12 cause of action, makes only sweeping conclusory declarations of Defendant's liability. As a result, the
13 pleading defies a basis for drawing any reasonable inference that Defendant is responsible for the
14 misconduct alleged, let alone any of the injuries or damages which Plaintiff claims to have suffered.
15 It is not the responsibility of Defendant, and certainly not the responsibility of the Court, to decipher
16 the relevant facts from the referenced narrative in order to construct Plaintiff's claims for relief.
17 Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this *Motion* must be
18 stated in writing, filed with the Clerk of the Court and served on Defendant and his counsel no later
19 than fourteen days prior to the hearing. Failure to so state, file and serve any opposition may result in
20 the Court failing to consider the same.

22 DATED:       April 11, 2018        LAW OFFICE OF BARUCH C. COHEN
                                      A Professional Law Corporation

24                                    By    /S/ Baruch C. Cohen
                                      Baruch C. Cohen, Esq.
25                                    *Attorney For Defendant Nanette Denise Marchand*

4/11-9:39am                -ii-

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

        PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P. §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012 . . . . . . . . . . . . . . . . . . . . -4-

        PLAINTIFF'S 1st CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2) & UNDER 11 U.S.C. §727(a)(2)(B) IS PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

        PLAINTIFF'S 2nd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(3) IS PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

        PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(4) IS PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

# TABLE OF AUTHORITIES

**CASES**

*Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) . . . . . . . . . . . . . . . -9-

*Anderson v. Wiess (In re Wiess)*, 132 B.R. 588, 592 (Bankr. E.D. Ark. 1991) (citing Fed. R. Bankr. Proc. 4005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

*Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . -4-

*Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006) . . . . . . . . . . . . . . . -9-

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

*Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957) . . . . . . . . . . . . . . . . . . . . . . . . -4-

*De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004) . . . . . . -9-

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) . . . . . . . . . . . . . . . . . -4-

*In re Chalik*, 748 F.2d 616, 617 (11th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-, -11-

*In re Dawley*, 312 B.R. at 787 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*In re Zimmerman*, 320 B.R. at 806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (9 Cir. 1994) . . . . . . . . . . . . . . . . . . . . . -8-

*Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006) . . . . . . . . . -9-

*N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . -3-

*Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) . . . . . . . . . . . . . . . . . -2-

*Swicegood*, 924 F.2d at 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

**STATUTES**

11 U.S.C. §727(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

11 U.S.C. §727(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

11 U.S.C. §727(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-, -9-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Federal Rules of Civil Procedure, rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

1. **MEMORANDUM OF POINTS & AUTHORITIES**

    a. **BACKGROUND**

On 12-8-2017, the Debtor commenced this chapter 7 bankruptcy.

On 3-12-2018, Plaintiff commenced this Complaint. The First Cause of Action is for Denial of Discharge for Intentional Transfer and Concealment of Debtor's Property or Property of the Estate in Violation of under 11 U.S.C. §727(a)(2); The Second Cause of Action is for Denial of Defendants' Discharge for Failure to Keep or Preserve Sufficient And/or Accurate Records under 11 U.S.C. §727(a)(3); The Third Cause of Action is for Denial of Defendants' Discharge for False Oath under 11 U.S.C. §727(a)(4).

Plaintiff's Complaint contains an introduction that materially misrepresents the arbitrator's finding of fraud by the Debtor. While this Complaint does not allege a fraud violation under 11 U.S.C. §523(a)(2), and said allegation in the introduction is irrelevant.

Plaintiff's Complaint contains an introduction that improperly lumps nine factual scenarios together, not specifying which one violates 11 U.S.C. §727(A)(2); not specifying which one violates 11 U.S.C. §727(A)(3); and/or not specifying which one violates 11 U.S.C. §727(A)(4); and in essence asks this court to "go fish" through the allegations to conclude and discern what fact goes under which statute.

The nine factual scenarios are as follows:

1. A November, 2015, cashier's check for approximately $210,000 which to date, has not been cashed (Complaint ¶ 13).

2. On December, 2017, immediately prior to filing for bankruptcy, Debtor withdrew a significant amount of cash from her bank accounts (Complaint ¶ 16).

3. Debtor rents property at 47201 El Agadir, Palm Desert, California 92260 for $150.00 per month (Complaint ¶¶ 17, 18, 19).

4. Plaintiff Blakely lent the Debtor money to pay for the arbitration costs, including a payment of $12,675.00 in February, 2017 (Complaint ¶ 20).

5. Debtor bragged to friends and colleagues that she "purchased a house in the desert" and was

essentially retiring from real estate (Complaint ¶¶ 21-22).

6. Debtor gave Blakely the $210,000 cashier's check as security for a loan (Complaint ¶ 23).

7. Debtor owns Nat Global Properties, LLC. (Complaint ¶¶ 24-25)

8. Debtor owns www.capsulecollective.net (Complaint ¶¶ 26-28).

9. Debtor claims $300.00 in clothing and $500.00 in jewelry (Complaint ¶¶ 29-32).

All nine factual allegations fail to qualify to state sufficient facts to deny the Debtor's discharge under 11 U.S.C. §727(A)(2); 11 U.S.C. §727(A)(3); & 11 U.S.C. §727(A)(4) and are properly dismissed.

Accordingly, the task has fallen upon Defendant to bring the instant *Motion to Dismiss*, for failure to state a claim upon which relief can be granted pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating by reference, Rule 12(b)(6) of the Federal Rules of Civil Procedure in order to demonstrate that Plaintiff's pleading is filled with superfluous matter, alleging vague unspecified conduct, damages, and events which are so remote in time as to be time-barred and allegations which are mere conclusions.

b. **ARGUMENT**

A complaint must allege sufficient factual matter, which if accepted as true would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference that the defendant is liable for misconduct.

The complaint must state a claim for relief that is plausible in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. at 1950. A dismissal without leave to amend should not be granted unless "the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (citation omitted).

Federal Rules of Civil Procedure, Rule 12(b)(6) provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted ... .

1	Courts have increasingly recognized that under appropriate circumstances these motions are useful and even necessary tools for disposing of insupportable claims.  Thus, while the Court, in deciding a motion to dismiss, must accept as true all material allegations of a complaint and construe them in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ibid*.) In other words, the relevant question for purposes of a motion to dismiss for failure to state a claim is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft*, *supra*, 129 S.Ct. at 1959. However, the Court need not accept conclusory allegations, unwarranted deductions or unreasonable inferences. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981). Nor need a court assume that Plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983).  As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 7012, is similar to the common law general demurrer in that it tests the legal sufficiency of the claim or claims stated in the Plaintiff's First Amended Complaint. A court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978).

Therefore, a Rule 12(b)(6) dismissal motion is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699

(9th Cir. 1990); <u>Graehling v. Village of Lombard, III</u>, 58 F.3d 295, 297 (7th Cir. 1995). If a critical threshold element is missing from the Plaintiff's Complaint, a motion to dismiss under Rule 12(b)(6) must be granted. This is precisely the problem with Plaintiff's Complaint - alleged facts are not stated with the requisite specificity.

    i.    **PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P. §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012**

    (1)    **PLAINTIFF'S 1st CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2) & UNDER 11 U.S.C. §727(a)(2)(B) IS PROPERLY DISMISSED**

The Plaintiff's complaint does not specify under which subsection of § 727(a)(2) he is proceeding under.

11 U.S.C. §727(a)(2)(A) - Discharge provides:

(a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, ***within one year before the date of the filing of the petition***
[Emphasis added]

Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a disposition of property by or at the sufferance of the debtor by transfer, removal, destruction, mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property. Both elements must take place within 1-year of the Petition Date of 12-8-2017 (the one-year pre-filing period); acts and intentions occurring before this period are forgiven. <u>In re Lawson</u>, 122 F3d 1237 (CA9 1997).

This section is construed liberally in favor of the debtor and strictly against those objecting to discharge. Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent. <u>In re Garcia</u>, 168 B.R. 403 (D. Ariz. 1994).

  11 U.S.C. §727(a)(2)(B) - Discharge provides

(a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(B) property of the estate, ***after the date of the filing of the petition***; [Emphasis added]

  Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(B): 1) a disposition of property by or at the sufferance of the debtor by transfer, removal, destruction, mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property. Both elements must take place *after* the Petition Date of 12-8-2017. The Complaint is silent about what was concealed or transferred after the Petition Date of 12-8-2017.

  Plaintiff's nine factual scenarios of the Complaint do not state facts sufficient to deny a discharge for Intentional Transfer and Concealment of Debtor's Property or Property of the Estate in Violation of 11 U.S.C. §727(a)(2).

  <u>Factual Scenarios 1 & 6</u>: A November, 2015, cashier's check for approximately $210,000 which to date, has not been cashed (Complaint ¶ 13); & 6. Debtor gave Blakely the $210,000 cashier's check as security for a loan (Complaint ¶ 23).. The Complaint does not identify ***when*** Debtor allegedly gave Blakely the $210,000 cashier's check. If it occurred before the 1-year reachback of 12-8-2016, said allegation could not be the basis of a § 727(a)(2)(A) violation. As to the post-petition provision of 11 U.S.C. §727(a)(2)(B), the Complaint is silent about what was concealed or transferred after the Petition Date of 12-8-2017.

  <u>Factual Scenario # 2</u>: On December, 2017, immediately prior to filing for bankruptcy, Debtor allegedly withdrew a significant amount of cash from her bank accounts (Complaint ¶ 16). The Complaint does not identify the Debtor's bank account from where this alleged withdrawal took place from, nor does it identify the amount of the alleged withdrawal.

  <u>Factual Scenario # 3 & 5</u>: Debtor rents property at 47201 El Agadir, Palm Desert, California 92260 for $150.00 per month (Complaint ¶¶ 17, 18, 19). Debtor bragged to friends and colleagues

that she "purchased a house in the desert" and was essentially retiring from real estate (Complaint ¶¶ 21-22). The Complaint does not identify any facts (other than conclusions) that the Debtor bragged to unidentified people that she owned said property (who, what, where, when?), and the Complaint does not identify any facts that title to said property was in anyway transferred or concealed and most importantly, when it was transferred. If it occurred before the 1-year reachback of 12-8-2016, said allegation could not be the basis of a §727(a)(2)(A) violation. As to the post-petition provision of 11 U.S.C. §727(a)(2)(B), the Complaint is silent about what was concealed or transferred after the Petition Date of 12-8-2017.

Factual Scenario # 4: Plaintiff Blakely lent the Debtor money to pay for the arbitration costs, including a payment of $12,675.00 in February, 2017 (Complaint ¶ 20). The Complaint does not identify any facts (other than conclusions) of the nature of this amorphous loan, when it occurred, and how. Perhaps the Debtor drew an advance on a draw - it would be her monies - not transferred. Perhaps Blakely gifted the money to the Debtor - again, it would be her monies - not transferred.

Factual Scenario # 7: Debtor owns Nat Global Properties, LLC. (Complaint ¶¶ 24-25). The Complaint does not identify any facts (other than conclusions) that the Debtor owns the property, other than make reference to a public records search that she was a managing member of the LLC back in 2015. In fact, the California Secretary of State business portal reflects that said LLC was suspended by the California Franchise Tax Board.[1] The Defendant had no obligation to disclose an inactive suspended company, that is worth nothing, that is not material, that did no business at the time of the Petition, that had no customers at that time, and that had no employees then. The omission of this asset was not a detriment to creditors. This asset bears no relationship whatsoever to the Debtor's current business transactions, nor did it concern the discovery of assets, business dealings, or the existence and disposition of the Debtor's property." _In re Chalik_, 748 F.2d 616, 617 (11th Cir.1984).

The Complaint does not identify any facts (other than conclusions) as to when the Debtor

---

[1] A true and correct copy of the California Secretary of State business portal reflects that said LLC was suspended by the California Franchise Tax Board is attached hereto as Exhibit "1" and is incorporated herein by this reference. Defendant by and through her attorney, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201.

4/11-9:39am

-6-

allegedly owned this LLC. If it occurred before the 1-year reachback of 12-8-2016, said allegation could not be the basis of a §727(a)(2)(A) violation. As to the post-petition provision of 11 U.S.C. §727(a)(2)(B), the Complaint is silent about what was concealed or transferred after the Petition Date of 12-8-2017.

<u>Factual Scenario # 8</u>: Debtor owns www.capsulecollective.net (Complaint ¶¶ 26-28). The Complaint does not identify any facts (other than conclusions) as to when the Debtor allegedly owned this website. If it occurred before the 1-year reachback of 12-8-2016, said allegation could not be the basis of a §727(a)(2)(A) violation. As to the post-petition provision of 11 U.S.C. §727(a)(2)(B), the Complaint is silent about what was concealed or transferred after the Petition Date of 12-8-2017.

What is most peculiar about this allegation, is that the website appears to be for yoga services[2], and the Complaint says nothing as to how or why the Debtor would own it. And if the Debtor merely registered a domain name and nothing more, it would be a worthless asset, not a material asset worth disclosing.

<u>Factual Scenario # 9</u>: Debtor claims $300.00 in clothing and $500.00 in jewelry (Complaint ¶¶ 29-32). The The Complaint does not identify any facts (other than conclusions) as to when the Debtor showed up wearing a Cartier wrist watch which likely had a retail value of at least $5,000.00 and a Céline handbag which retails for $2,950.00, expensive sunglasses, as well as matching diamond earrings and a diamond necklace - other than stating that it was at an undated arbitration hearing. Merely wearing expensive jewelry, does not equate to owning them. For example, Hollywood stars would appear at the Academy Awards wearing expensive jewelry owned by jewelers who wanted the free advertisement and publicity. Further, if the jewelry is imitation jewelry, again, they would be worth nothing, not worthy of disclosure.

Merely listing the Debtor's unsecured debt of $39,757.80 to various unsecured creditors: Amex - $18,416; Bloomingdale's - $107.80; Citicard - $5,588.00; Macy's - $1,254.00; Nordstrom - $1,498.00; Wells Fargo Card Services - $12,894.00, without stating that the purchases were for

---

[2]Defendant by and through her attorney, hereby requests the Court to take judicial notice of www.capsulecollective.net pursuant to Federal Rule of Evidence 201.

expensive clothes and jewelry is insufficient to equate that the Debtor owned same. Accordingly, Plaintiff's 1st Cause of Action under 11 U.S.C. §727(a)(2) is properly dismissed.

### (2) PLAINTIFF'S 2nd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(3) IS PROPERLY DISMISSED

11 U.S.C. §727(a)(3) - Discharge provides:

(a) The court shall grant the debtor a discharge, unless—
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

The burden is on the "the objecting party to show that the debtor has failed to keep or preserve sufficient and/or accurate records which would reflect the recent financial condition of the debtor." _Anderson v. Wiess (In re Wiess_), 132 B.R. 588, 592 (Bankr. E.D. Ark. 1991) (citing Fed. R. Bankr. Proc. 4005).

The Ninth Circuit confirmed that a debtor has an obligation to maintain adequate records as a condition to receiving a discharge: "[t]he purpose of [section 727] is to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs." The initial burden of proof under § 727(a)(3) is on the plaintiff. "In order to state a prima facie case under section 727(a)(3), a creditor objecting to discharge must show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." Once the objecting party shows that the debtor's records are absent or are inadequate, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records. _Lansdowne v. Cox (In re Cox_), 41 F.3d 1294, 1296 (9 Cir. 1994).

None of the nine factual scenarios address a failure on Debtor's part to keep or preserve sufficient and/or accurate records which would reflect the recent financial condition of the debtor. What relevant records did the Debtor fail to maintain? Accordingly, Plaintiff's 2nd Cause of Action under 11 U.S.C. §727(a)(3) is properly dismissed.

///

(3) **PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(4) IS PROPERLY DISMISSED**

11 U.S.C. §727(a)(4)(A) - Discharge provides:

(a) The court shall grant the debtor a discharge, unless—
(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account

A plaintiff seeking denial of a debtor's discharge under § 727(a)(4)(A) must prove that: (1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312. *Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000); *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006). See also *In re Zimmerman*, 320 B.R. at 806.

Not all omissions or errors, however, lead to denial of a discharge. A debtor that is merely careless in preparing schedules and statements or in testimony in connection with a case may receive a discharge absent proof of fraudulent intent. *Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006); *Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004). Further, a debtor who relies on the advice of counsel who is generally aware of all relevant facts also will not be found to have made a false oath. *In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005); *In re Dawley*, 312 B.R. at 787.

A party objecting to discharge under § 727(a)(4)(A) must prove by a preponderance of the evidence that "the false oath [was] fraudulent and material." *Swicegood*, 924 F.2d at 232

Plaintiff's nine factual scenarios of the Complaint do not state facts sufficient to deny a discharge for False Oath under 11 U.S.C. §727(a)(4).

<u>Factual Scenarios 1 & 6</u>: A November, 2015, cashier's check for approximately $210,000 which to date, has not been cashed (Complaint ¶ 13); & 6. Debtor gave Blakely the $210,000 cashier's check as security for a loan (Complaint ¶ 23). The Complaint cites no facts as to what representation

in the Debtor's bankruptcy petition was false and how it was false. The Complaint misrepresents that the check was not cashed (it was deposited into the Debtor's Wells Fargo Account), and feigns ignorance of the fact and misrepresents that the Chapter 7 Trustee audited the Debtor's usurpation of all of the funds for the Debtor's personal & business expenses. The funds were depleted at the time of the bankruptcy, and there was nothing left to declare in the petition.

Factual Scenario # 2: On December, 2017, immediately prior to filing for bankruptcy, Debtor allegedly withdrew a significant amount of cash from her bank accounts (Complaint ¶ 16). The Complaint does not identify the Debtor's bank account from where this alleged withdrawal took place from, does not identify when in December of 2017 this withdrawal took place, nor does it identify the amount of the alleged withdrawal.

Factual Scenario # 3 & 5: Debtor rents property at 47201 El Agadir, Palm Desert, California 92260 for $150.00 per month (Complaint ¶¶ 17, 18, 19). Debtor bragged to friends and colleagues that she "purchased a house in the desert" and was essentially retiring from real estate (Complaint ¶¶ 21-22). The Complaint does not identify any facts (other than conclusions) that the Debtor bragged to unidentified people that she owned said property (who, what, where, when?), and the Complaint does not identify any facts that title to said property was in anyway transferred or concealed and most importantly, when it was transferred.

Factual Scenario # 4: Plaintiff Blakely lent the Debtor money to pay for the arbitration costs, including a payment of $12,675.00 in February, 2017 (Complaint ¶ 20). The Complaint does not identify any facts (other than conclusions) of the nature of this amorphous loan, when it occurred, and how. Perhaps the Debtor drew an advance on a draw - it would be her monies - not transferred. Perhaps Blakely gifted the money to the Debtor - again, it would be her monies - not transferred.

Factual Scenario # 7: Debtor owns Nat Global Properties, LLC. (Complaint ¶¶ 24-25). The Complaint does not identify any facts (other than conclusions) that the Debtor owns the property, other than make reference to a public records search that she was a managing member of the LLC back in 2015. In fact, the California Secretary of State business portal reflects that said LLC was suspended

by the California Franchise Tax Board[3] and has been dissolved. The Defendant had no obligation to disclose an inactive suspended and dissolved company, that is worth nothing, that is not material, that did no business at the time of the Petition, that had no customers at that time, and that had no employees then. The omission of this asset was not a detriment to creditors. This asset bears no relationship whatsoever to the Debtor's current business transactions, nor did it concern the discovery of assets, business dealings, or the existence and disposition of the Debtor's property." *In re Chalik*, 748 F.2d 616, 617 (11th Cir.1984).

The Complaint does not identify any facts (other than conclusions) as to when the Debtor allegedly owned this LLC. If it was suspended prior to the petition date, there would be no obligation to declare it in her bankruptcy.

Factual Scenario # 8: Debtor owns www.capsulecollective.net (Complaint ¶¶ 26-28). The Complaint does not identify any facts (other than conclusions) as to when the Debtor allegedly owned this website. What is most peculiar about this allegation, is that the website appears to be for yoga services[4], and the Complaint says nothing as to how or why the Debtor would own it. And if the Debtor merely registered a domain name and nothing more, it would be a worthless asset, not a material asset worth disclosing.

Factual Scenario # 9: Debtor claims $300.00 in clothing and $500.00 in jewelry (Complaint ¶¶ 29-32). The Complaint does not identify any facts (other than conclusions) as to when the Debtor showed up wearing a Cartier wrist watch which likely had a retail value of at least $5,000.00 and a Céline handbag which retails for $2,950.00, expensive sunglasses, as well as matching diamond earrings and a diamond necklace - other than stating that it was at an undated arbitration hearing.

Merely wearing expensive jewelry, does not equate to owning them. For example, Hollywood

---

[3]A true and correct copy of the California Secretary of State business portal reflects that said LLC was suspended by the California Franchise Tax Board is attached hereto as Exhibit "1" and is incorporated herein by this reference. Defendant by and through her attorney, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201.

[4]Defendant by and through her attorney, hereby requests the Court to take judicial notice of www.capsulecollective.net pursuant to Federal Rule of Evidence 201.

stars would routinely appear at the Academy Awards wearing expensive jewelry owned by jewelers who wanted the free advertisement and publicity. Further, if the jewelry is imitation jewelry, again, they would be worth nothing, not worthy of disclosure.

Merely listing the Debtor's unsecured debt of $39,757.80 to various unsecured creditors: Amex - $18,416; Bloomingdale's - $107.80; Citicard - $5,588.00; Macy's - $1,254.00; Nordstrom - $1,498.00; Wells Fargo Card Services - $12,894.00, without stating that the purchases were for expensive clothes and jewelry is insufficient to equate that the Debtor owned same.

The Complaint is silent as to whether the alleged concealed information would have or could have revealed assets available for creditors, especially if the assets in question were exempted.

The Complaint does not allege that the Debtors made a false oath with fraudulent intent. Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. §727(a)(4) is properly dismissed.

### c. CONCLUSION

Here, Plaintiff has not demonstrated, nor can he state a viable claim under any cause of action in his Complaint; lacking liability and filed for the purpose of harassment, unreasonable delay, and to obtain an unfair advantage in the state court action. This is particularly so when one examines the Complaint's claims, which consists of no more than the gratuitous and bare-bones boilerplate conclusions minimally invoking this Court's jurisdiction.

For the above reasons, Defendants pray that this Court dismiss Plaintiff's Complaint <u>with prejudice</u>, that Plaintiff not be granted leave to amend, that Plaintiff take nothing by his Complaint, and that Defendant's alleged debt to Plaintiff be discharged. Further, Defendant prays that this Court issue a finding of fact that the claims brought by Plaintiff are dischargeable, and that pursuant to 11 U.S.C. §524(a)(1) and (2), this discharge should also serve to void any future judgment to determine the personal liability of Defendant and operate as a permanent injunction against any actions whether commenced pre-petition or post-petition. Further, Defendants pray that this Court award Defendant's costs and reasonable attorney's fees in an amount which will be ascertained, pursuant to 11 U.S.C. §523(d) and Federal Rule of Bankruptcy Procedure 9011.

///

According, Defendants respectfully request that the Court enter an order granting the *Motion* in its entirety, and providing for such other and further relief as this Court deems just.

DATED:     April 11, 2018          LAW OFFICE OF BARUCH C. COHEN
                                   A Professional Law Corporation

                                   By ___/S/ Baruch C. Cohen_____
                                   Baruch C. Cohen, Esq.
                                   *Attorney For Defendant Nanette Denise Marchand*

**Alex Padilla**
**California Secretary of State**



# Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, April 9, 2018. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## 201208910236    NAT GLOBAL PROPERTIES, LLC

| | |
|---|---|
| **Registration Date:** | 03/28/2012 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC |
| **Status:** | FTB SUSPENDED |
| **Agent for Service of Process:** | GERARD V KASSABIAN |
| | 9440 S SANTA MONICA BOULEVARD SUITE 708 |
| | BEVERLY HILLS CA 90210 |
| **Entity Address:** | 34 EXECUTIVE PARK SUITE 210 |
| | IRVINE CA 92614 |
| **Entity Mailing Address:** | 34 EXECUTIVE PARK SUITE 210 |
| | IRVINE CA 92614 |
| **LLC Management** | One Manager |

| Document Type | File Date | PDF |
|---|---|---|
| SI-COMPLETE | 10/26/2015 | |
| SI-COMPLETE | 07/16/2012 | |
| REGISTRATION | 03/28/2012 | |

\* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |



Exhibit "L"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **MOTION TO DISMISS ADVERSARY COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO: 1) 11 U.S.C. § 727(A)(2); 2) 11 U.S.C. § 727(A)(3); 3) 11 U.S.C. § 727(A)(4)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 11, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kyle P Kelley (Plaintiff)		kkelley@kpklaw.com
John P Pringle (TR)		brenfro@rpmlaw.com, jpp@trustesolutions.net
United States Trustee (RS)	ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **April 11, 2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 11, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Mark S Wallace
USBC, Ronald Reagan Federal Building and Courthouse 411 West Fourth Street, Suite 6135, Santa Ana CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **April 11, 2018** | **Baruch C. Cohen** | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**