1  Kyle P. Kelley, Esq. [State Bar No. 178302]
   LAW OFFICES OF KYLE P. KELLEY
2  5540 North Lamar Boulevard, Suite 3
   Austin, Texas 78751
3  Telephone: (310) 273-0590
   Facsimile:  (512) 522-9979
4  Email:      kkelley@kpklaw.com

5  Attorneys for Plaintiff
   ROBERT BANHART
6

7

8              UNITED STATES BANKRUPTCY COURT
9
       CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION
10

11
   In re                           )   Bankruptcy Case No. 6:17-bk-20091-MW
12                                  )
   NANETTE MARCHAND, an individual, )   ADVERSARY CASE NO. 18-ap-01059-MW
13                                  )
           Debtor.                  )   FIRST AMENDED ADVERSARY
14                                  )   COMPLAINT FOR DENIAL OF
   _____ )   DISCHARGE PURSUANT
15                                  )   TO:
   ROBERT BANHART, an individual,   )
16                                  )   1)      11 U.S.C. §727(A)(2)
           Plaintiff,               )   2)      11 U.S.C. §727(A)(3)
17                                  )   3)      11 U.S.C. §727(A)(4)
   vs.                              )
18                                  )
   NANETTE MARCHAND, an individual, )
19                                  )
           Debtor/Defendant.        )
20 _____ )

21

22        Plaintiff ROBERT BANHART hereby complains against defendant/debtor NANETTE

23 MARCHAND ("Debtor"), as follows:

24                              **I.**

25                         **INTRODUCTION**

26        1.     In or about November, 2015, Debtor closed a deal on a real estate transaction in

27 Beverly Hills in which she walked away from the table with $297,629.91 in cash. According to her

28 schedules, in 2015, she also earned $53,469 in real estate commissions. In 2016, she earned an

                              -1-

additional $89,945. Yet today, she is allegedly penniless, with less than $3,000 in assets and an additional $120,000+ in credit card debt but no assets to show for the enormous credit card debt. Despite being penniless, Debtor lives in a $400,000 home in Palm Desert that has a monthly rental value of $5,000 per month, for which she allegedly pays $150.00 per month, drives a Lexus which costs her more each month than she allegedly earns in a month, and shows up at an arbitration hearing with nearly $8,000 in jewelry and clothing accessories. As Hamlet said, "Something is rotten in the State of Denmark."

2.      Plaintiff is Debtor's largest unsecured creditor, holding an arbitration award against her for more than $127,000.00. The arbitrator found Debtor to be a proven liar. Having lost that arbitration, Debtor is now willing to do anything, including lying to this Court, in order to avoid paying Banhart and her other creditors what she owes them. This adversary proceeding aims to expose Debtor's fraud upon this Court and upon her creditors, and seeks an order denying her discharge under 11 U.S.C. §727.

## II.

## PARTIES & JURISDICTION

3.      Plaintiff is a natural person who is a resident of the County of Los Angeles, State of California.

4.      Debtor is a natural person who is a resident of the County of Riverside, State of California.

5.      Plaintiff is requesting a denial of discharge under Bankruptcy Code §727(a)(2), (a)(3), (a)(4), and (a)(5).

6.      This Court has jurisdiction over the instant Adversary Proceeding Pursuant to 28 U.S.C. §§157(a) and 1334, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

7.      This adversary proceeding is a core proceeding as defined under 28 U.S.C. §157(b)(2)(A).

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a) because Debtor's bankruptcy case is pending in the Central District of California, Riverside Division.

/ / /

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

## III.

## BACKGROUND FACTS

9.      Debtor at all times mentioned herein was a real estate agent licensed by the California Department of Real Estate.

10.     In or about October, 2014, plaintiff and Debtor entered into a contract whereby plaintiff agreed to lease Debtor's property in Beverly Hills at an above-market rent, and also paid Debtor a $100,000 option fee to acquire an option to purchase the property for $1.25 million, less a $50,000 rent credit and less the option fee, such that at a closing, Debtor would have received $1.1 million with the profit accruing to plaintiff.

11.     The transaction did not proceed normally, because Debtor refused to allow plaintiff to hire his own broker, insisted on acting as the listing agent and hiring a friend as the co-listing broker, and then by stringing Banhart along until the lease and the option otherwise expired. Then, three days after the expiration of Banhart's rights, Debtor closed on the property and sold it for $1.365 million, thereby stealing Banhart's $265,000 profit, and walking away from the closing with $297,629.91 in cash.

12.     The arbitrator, although finding that Marchand committed fraud, found plaintiff's belief in his friend and real estate agent's lies to be unreasonable, denied liability on that claim, but nevertheless ordered the contracts between the parties rescinded and ordered Marchand to restore to Banhart his initial investment and the value of his improvements, awarding $127,475.00.

## IV.

## LIES TO THE BANKRUPTCY COURT

### A.      Concealment or Laundering of Funds From Closing

13.     Plaintiff is informed and believes and based thereupon alleges that following the closing of the transaction described above, in or about November, 2015, Debtor purchased a cashier's check for approximately $210,000 which to date, has not been cashed.

14.     Plaintiff is further informed and believes that Debtor's intent was to hold these funds represented by the cashier's check in reserve pending the outcome of the arbitration proceeding, and if Debtor lost, she would continue to conceal the cashier's check and claim to have no money left

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

from the funds she received at closing. If Debtor had won the arbitration, she would have cashed the cashier's check and used the funds.

15.    Alternatively, Debtor may have given this cashier's check (or the funds represented by these funds) to a third party, as security or to act as a straw man to purchase real estate, as alleged in subsection B, below.

16.    Plaintiff is further informed and believes and based thereupon alleges that in or about December, 2017, immediately prior to filing for bankruptcy, Debtor withdrew a significant amount of cash from her bank accounts so that she could conceal these funds from the bankruptcy estate, convert them to her own use and enjoyment, and claim on her schedules that she had no cash on hand.

**B.    Debtor's Real Estate**

17.    Debtor claims on her bankruptcy schedules that she has no legal or equitable interest in any real estate, and claims on her schedules that she is renting the property located at 47201 El Agadir, Palm Desert, California 92260 (the "Property").

18.    Debtor claims to lease the Property for $150.00 per month. The estimated rental value of the Property is at least $5,500.00 per month. Debtor fails to list her alleged landlord as a creditor on the schedules, and fails to identify the alleged lease on her Schedule G filed with her original petition.

19.    The Property was purchased in August, 2016 by James E. Blakely (a/k/a James Blakey"). The Property was apparently purchased for cash. Furthermore, Debtor acted as the real estate agent on this purchase. Finally, in another bizarre coincidence, property records show that Blakely had owned this Property at some point previously in 2011.

20.    During the arbitration between plaintiff and Debtor, Blakely also apparently loaned Debtor money to pay for the arbitration costs, including a payment of $12,675.00 in February, 2017. This money, whether it was a loan, gift or income, is not disclosed anywhere on Debtor's bankruptcy schedules.

/ / /

/ / /

-4-
FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

21.    Plaintiff has learned that Debtor has bragged to friends and colleagues that she "purchased a house in the desert" and was essentially retiring from real estate.

22.    Plaintiff is informed and believes and based thereon alleges that Debtor has an undisclosed legal or equitable interest in the Property, and that she used Blakely as a straw man to purchase the Property in his name in order to conceal her interest in the Property.

23.    Plaintiff is informed and believed that Debtor either gave Blakely the cashier's check as security for a loan until such time as Debtor received her discharge, at which point he would cash the cashier's check and transfer the title to the Property to Debtor, or Blakely funneled the money through his separate property trust in order to purchase the Property with Debtor's cash.

## C.    Other Lies on Debtor's Schedules

24.    In Debtor's Schedule A/B (both the original and the amended Schedule, filed on January 29, 2018), Question 19 asks the Debtor whether she has any "Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture". Debtor answers "No."

25.    Debtor's answer in response to Question 19 is false. According to the records of the California Secretary of State, Debtor is a manager/member of a limited liability company called Nat Global Properties, LLC. Although that entity is currently designated as FTB Suspended by the California Secretary of State, that simply means the entity has not paid its required franchise tax board taxes. A suspended entity is not the same as a dissolved entity, and the suspension would not foreclose the existence of assets held by the entity, or bank accounts in the entity's name.

26.    In Debtor's Schedule A/B, Debtor is required to identify any clothing (Line 11) and jewelry (Line 12) of any value. Debtor claims $300.00 in clothing and $500.00 in jewelry.

27.    These claims are false. At the arbitration hearing described above, Debtor showed up wearing a Cartier wrist watch which likely had a retail value of at least $5,000.00 and a Céline handbag which retails for $2,950.00, expensive sunglasses, as well as matching diamond earrings and a diamond necklace. Plaintiff is informed and believes that Debtor has accumulated a significant amount of expensive designer clothing, jewelry, shoes and accessories, and her sworn statements that she only owns $300.00 in clothing and $500.00 in jewelry is a fabrication and a fraud.

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

28.    For example, in Debtor's Schedule E, Section 4, Debtor identifies the following unsecured creditors: Schedule E, Part 2:

|  |  |
|---|---|
| 4.2 AMEX - | $18,416 |
| 4.4 BLOOMINGDALE'S - | $107.80 |
| 4.6 CITICARD - | $5,588.00 |
| 4.9 MACY's - | $1,254.00 |
| 4.10 NORDSTROM - | $1,498.00 |
| 4.14 WELLS FARGO CARD SERVICES - | $12,894.00; |

Total: $39,757.80

29.    Despite nearly $40,000 in credit card debt, including debt to high end clothing and jewelry retailers, Debtor claims to only own $800.00 in clothing and jewelry, a patently false and absurd suggestion.

30.    Debtor's petition and the attached schedules (including the amended schedules filed on January 29, 2018) were attested to by debtor and sworn under penalty of perjury.

## FIRST CLAIM FOR RELIEF

(Denial of Discharge under 11 U.S.C. §727(a)(2))

31.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though set forth in full herein.

32.    11 U.S.C. §727(a)(2)(A) provides in pertinent part: "The court shall grant the debtor a discharge, unless — (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed — (A) property of the debtor, within one year before the date of the filing of the petition."

33.    Plaintiff is informed and believes and based thereupon alleges that debtor has violated 11 U.S.C. §727(a)(2)(A) in that:

a.    In or about November, 2015, debtor purchased a cashier's check for $210,000, which debtor has not cashed, and which debtor has failed to disclose in her bankruptcy schedules. Debtor has concealed, and continues to conceal, the existence of the cash

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

1  held in the form of this uncashed cashier's check, which funds were in the debtor's

2  possession, custody or control on the date of the petition and therefore, an asset of the

3  estate;

4  b.  Alternatively, in or about August, 2016, debtor gave the uncashed cashier's check to

5  James Blakely as security to act as a straw man in the purchase of the Property, and

6  that debtor has concealed, and continues to conceal, her legal or equitable interest in

7  the Property and/or the funds represented by the cashier's check, by failing to

8  disclose her legal and/or equitable interest in the Property on her schedules; and,

9  c.  Immediately preceding her filing of the bankruptcy petition, in or about November-

10  December, 2017,debtor withdrew significant funds from her checking and/or savings

11  accounts which she converted to her own use. The exact amount withdrawn, and the

12  bank account from which it was withdrawn, are presently unknown to plaintiff. Upon

13  conducting discovery and ascertaining the source and amount of the withdraw,

14  plaintiff will amend the complaint to conform to the proof.

15  d.  Debtor concealed her ownership interest in a California limited liability company

16  called Nat Global Properties, LLC, a company debtor formed on or about March 18,

17  2012. Although Nat Global Properties, LLC is currently suspended by the California

18  Secretary of State for failure to pay taxes to the Franchise Tax Board, this does not

19  mean that the LLC has been dissolved, owns no assets, has no bank accounts, or

20  otherwise is out of business. It simply means the franchise taxes were not paid, and

21  that the LLC can have the FTB suspended status removed by paying the taxes.

22  e.  Debtor has concealed, and continues to conceal, the existence of a large amount of

23  expensive designer clothing and jewelry. In her schedules, debtor disclosed the

24  existence of $300 in clothing and $500 in jewelry. However, in or about June, 2017,

25  debtor attended the arbitration hearing in her case with plaintiff. At that hearing,

26  debtor was wearing a Cartier wrist watch (approximately $5,000 value), carried a

27  Céline handbag which retails for $2,950.00, expensive sunglasses, as well as

28  matching diamond earrings and a diamond necklace. These items were authentic, not

-7-

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

borrowed, and were owned by debtor, who either continues to own these items, along with a significant number of additional items of designer clothing, jewelry and accessories, and is concealing their existence. Alternatively, debtor (as she testified in her Meeting of Creditors), has transferred them within a year of filing the petition. In either instance, debtor has violated 11 U.S.C. §727(a)(2)(A) concerning her clothing and jewelry.

34.     In each of the foregoing acts of transfer or concealment, debtor acted with the intent to hinder, delay, or defraud her creditors and the Trustee, to prevent the proper administration of the estate.

## SECOND CLAIM FOR RELIEF

(Denial of Discharge under 11 U.S.C. §727(a)(3))

35.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though set forth in full herein.

36.     11 U.S.C. §727(a)(3) provides in pertinent part: "The court shall grant the debtor a discharge, unless – the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

37.     Plaintiff is informed and believes and based thereupon alleges that debtor failed to maintain and preserve her business records. For example, the Trustee requested that debtor produce her banking records from and after the November, 2015 real estate closing, but to date, has failed to do so, either because debtor failed to preserve and maintain those records, or because they prove debtor's fraud and she does not want to release them.

38.     As a direct and proximate result of such failure to maintain and preserve her business records, it impossible to ascertain the debtor's financial condition and material business transactions which debtor may have engaged in during the year preceding her bankruptcy filing.

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

39.     Debtor, as a real estate agent who customarily worked on high value transactions in Beverly Hills and internationally. Debtor is therefore a sophisticated business person who should be held to a higher standard of record keeping.

40.     Debtor's failure to maintain, or her concealment of these business records, is important and material because debtor purportedly dissipated nearly $400,000 in cash and accrued nearly $40,000.00 in credit card debt, but alleges that she has no assets.

41.     Debtor has no justification under all of the facts and circumstances of the case for her failure to maintain, or concealment or destruction, of her business records from which her financial affairs might be ascertained, especially since her inability to explain the dissipation of such assets may preclude her discharge under 11 U.S.C. §727(a)(5).

## THIRD CLAIM FOR RELIEF

(Denial of Discharge under 11 U.S.C. §727(a)(4))

42.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though set forth in full herein.

43.     11 U.S.C. §727(a)(4)(a) provides in pertinent part: "The court shall grant the debtor a discharge, unless – the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account".

44.     Debtor made multiple false statements in her petitions and schedules.

a.     <u>False Statement #1</u>     Debtor is alleged to have failed to disclose the existence of the cashier's check she is alleged to have purchased immediately after the closing which remains uncashed. In Debtor's statement in Schedule A/B, Part 4, in response to Question 16, debtor states that she has no interest in Cash. If Debtor is holding an uncashed cashier's check for $210,000, or maintains control over those funds, Debtor's statements are false and material because such cash would be sufficient to pay the Creditors a large portion of what they are owed.

b.     <u>False Statement # 2</u>     Debtor is alleged to hold an undisclosed legal or equitable interest in the Property. In Schedule A/B, Part 1, Question 1, which asked, "Do you own or have any legal or equitable interest in any residence, building, land, or similar

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

property?" Debtor answered "No." Likewise, Schedule A/B, Part 7, Question 18 asks "Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?" Debtor answered "No." If plaintiff's allegations are true, then Debtor's answers are false and they are material.

c.    <u>False Statement # 3</u>    Plaintiff has alleged that in or about later November or early December, 2017, immediately prior to filing for bankruptcy, Debtor withdrew a significant amount of cash from her bank accounts, before filing her petition. If true, Debtor's statement in Schedule A/B, Part 4, Question 16 that she has no interest in Cash and Question 17 that she has no interest in deposits is false.

d.    <u>False Statement # 4</u>    According to her Schedules and Statement of Financial Affairs, Debtor allegedly rents property at 47201 El Agadir, Palm Desert, California 92260 for $150.00 per month. If Debtor owns an undisclosed interest in this Property, her answer to Schedule A/B, Part 1, Question 1 is false. If she is truly leasing the Property, then her representation in Schedule G, Question 2, which asks her to identify "each person or company which whom you have the contract or lease" is false, since no lease for the Property is identified.

e.    <u>False Statement #5</u>    Blakely allegedly lent the Debtor money to pay for the arbitration costs, including a payment of $12,675.00 in February, 2017. If Debtor owes that money to Blakely, then Blakely should have been identified as a creditor in Section Schedule E/F. If Debtor paid Blakely back, then that re-payment should have been disclosed on the Schedules. Debtor's failure to disclose either is a false statement.

f.    <u>False Statement #6</u>    Debtor's Schedule A/B (both the original and the amended Schedule, filed on January 29, 2018), Question 19 asks the Debtor whether she has any "Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture". Debtor

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

1  answers "No." This statement is false, since Debtor is a managing member of Nat

2  Global Properties LLC.

3      g.    <u>False Statement #7</u>    Defendant is alleged to own significantly more clothing and

4  jewelry than the $300 in clothing and $500 in jewelry she claims in Schedule A/B,

5  Part 3, Questions 11 & 12. Plaintiff demonstrated this by alleging a single example

6  where Debtor was wearing a $5,000 wristwatch and carrying a $2,950.00 bag. Debtor

7  owned these items, and such items were authentic and valuable. Plaintiff believes

8  there is significantly more clothing and jewelry that Debtor has not disclosed. If true,

9  Debtor's representations in her schedules regarding the quantity and value of her

10  clothing and jewelry are false.

11      h.    <u>False Statement #8</u>    Debtor testified that she sold off some of her personal property

12  before her bankruptcy in order to support herself. That testimony is contrary to her

13  statement in her Petition, Statement of Financial Affairs, Part 7, Question 18, where

14  she denies having sold, traded, or otherwise transferred any property to anyone, other

15  than property transferred in the ordinary course of your business or financial affairs.

16  Debtor's statement in this respect is false.

17      45.    Debtor has knowingly and fraudulently, in or in connection with her Chapter 7 case,

18  made one or more false oaths as alleged above in violation of 11 U.S.C. §27(a)(4).

19      46.    Debtor signed her original petitions on December 6, 2017 and her amended petitions

20  on January 29, 2018, under penalty of perjury.

21      47.    The false oaths on her petitions are material and frustrate the proper administration

22  of Debtor's estate, and were made knowingly and with the intent to defraud the Court, the Trustee

23  and Debtor's secured and unsecured creditors.

24  **<u>PRAYER FOR RELIEF</u>**

25      WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of

26  Plaintiff and against defendant/debtor Nanette Marchand, as follows:

27      1.    For general damages of at least $127,475.00, plus court costs and available attorneys'

28  fees incurred in compelling arbitration and to be incurred in confirming the arbitration award;

FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

1    2.    Denying Debtor a discharge pursuant to 11 U.S.C. 727(a)(2);

2    3.    Denying Debtor a discharge pursuant to 11 U.S.C. 727(a)(3);

3    4.    Denying Debtor a discharge pursuant to 11 U.S.C. 727(a)(4);

4    5.    Awarding Plaintiff's attorney's fees and costs incurred in connection with this

5    adversary proceeding as part of its judgment herein, to the extent Plaintiff assists the Chapter 7

6    Trustee herein in administering concealed assets; and

7    6.    For such other and further relief as the Court may deem just and proper.

8    DATED:    July 16, 2018    LAW OFFICES OF KYLE P. KELLEY

9

10

11    By:_____

12    Kyle P. Kelley
      Attorney for Plaintiff ROBERT BANHART

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-
FIRST AMENDED COMPLAINT FOR DENIAL OF DISCHARGE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5540 North Lamar Boulevard, Suite 3
Austin, Texas 78751

A true and correct copy of the foregoing document entitled (*specify*): _____
FIRST AMENDED ADVERSARY COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT
TO: 1) 11 U.S.C. §727(A)(2); 2) 11 U.S.C. §727(A)(3) AND 3) 11 U.S.C. §727(A)(4)
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
07/16/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
  Baruch C. Cohen, Esq. (baruchcohen@baruchcohenesq.com), Attorney for Defendant
  John P Pringle (TR) brenfro@rpmlaw.com, jpp@trustesolutions.net
  United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Hon. Mark S Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

07/16/2018    Kyle P. Kelley _____     _____
*Date*               *Printed Name*                                                         *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.