1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2      A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501        Fax (323) 937-4503
4  e-mail: baruchcohen@baruchcohenesq.com

5  *Attorney For Defendant Nanette Denise Marchand*

6

7                UNITED STATES BANKRUPTCY COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                     RIVERSIDE DIVISION

10

11 In re                              | Case No. 6:17-bk-20091-MW

12 NANETTE DENISE MARCHAND,           | Adv. 6:18-ap-01059-MW

13     Debtor                         | Before the Honorable Mark S Wallace

14 ──────────────────────            | Chapter 7

   ROBERT BANHART,
15                                     | **MOTION TO DISMISS FIRST AMENDED**
       Plaintiff                       | **ADVERSARY COMPLAINT FOR DENIAL OF**
16                                     | **DISCHARGE PURSUANT TO: 1) 11 U.S.C. §**
   vs.                                 | **727(A)(2); 2) 11 U.S.C. § 727(A)(3); 3) 11 U.S.C.**
17                                     | **§ 727(A)(4)**
   NANETTE DENISE MARCHAND
18                                     | [F.R.C.P. §§9(b), 12(b)(6); F.R.B.P. §§7009, 7012]
       Defendant
19                                     | Date: 12-13-2018
                                       | Time: 9:00am
20                                     | Courtroom 225
                                       | 3420 Twelfth Street, Riverside, CA 92501
21
        **TO PLAINTIFF ROBERT BANHART AND HIS ATTORNEY OF RECORD**:
22
        **PLEASE TAKE NOTICE**    that on 12-13-2018, at 9:00AM in the Courtroom of the
23
   Honorable Mark S Wallace, United States Bankruptcy Judge, Courtroom 6C located at the United
24
   States Bankruptcy Court Central District of California Ronald Reagan Federal Building and
25
   Courthouse 411 West Fourth Street, Suite 6135 / Courtroom 6C Santa Ana, CA 92701-4593, Debtor
26
   and Defendant NANETTE DENISE MARCHAND ("Defendant") moves for an order dismissing the
27
   *First Amended Adversary Complaint for Denial of Discharge Pursuant to: 1) 11 U.S.C. § 727(A)(2);*
28

   8/14-5:49pm

1  *2) 11 U.S.C. § 727(A)(3); 3) 11 U.S.C. § 727(A)(4)* ("Complaint") filed herein by Plaintiff ROBERT

2  BANHART ("Plaintiff").

3  　　　The *Motion to Dismiss* will be based on this Notice, on the attached Memorandum of Points

4  and Authorities, on all the papers and records on file in this action, and on such oral and documentary

5  evidence as may be presented at the hearing of the *Motion*.

6  　　　Defendant brings this *Motion to Dismiss* pursuant to F.R.C.P. §§ 9(b), 12(b)(6), and F.R.B.P.

7  §§ 7009, 7012, on the grounds that Plaintiff has **_still_** failed to state a claim upon which relief may be

8  granted. Plaintiff's Complaint fails to meet even the minimal elements of 11 U.S.C. § 727(A)(2); 11

9  U.S.C. § 727(A)(3); & 11 U.S.C. § 727(A)(4). Plaintiff attempts to allege causes of action by

10  providing an excessive listing of vague, redundant, and ultimately confusing assertions of fact (many

11  of which only marginally qualify as facts), then, failing to apply those assertions to the elements of

12  any given cause of action, makes only sweeping conclusory declarations of Defendant's liability. As

13  a result, the pleading defies a basis for drawing any reasonable inference that Defendant is responsible

14  for the misconduct alleged, let alone any of the injuries or damages which Plaintiff claims to have

15  suffered. It is not the responsibility of Defendant, and certainly not the responsibility of the Court, to

16  decipher the relevant facts from the referenced narrative in order to construct Plaintiff's claims for

17  relief.

18  　　　Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this *Motion* must be

19  stated in writing, filed with the Clerk of the Court and served on Defendant and his counsel no later

20  than fourteen days prior to the hearing. Failure to so state, file and serve any opposition may result in

21  the Court failing to consider the same.

22

23  DATED:　　　August 14, 2018　　　LAW OFFICE OF BARUCH C. COHEN
　　　　　　　　　　　　　　　　　　　A Professional Law Corporation
24

25  　　　　　　　　　　　　　　　　　　By ____/S/ Baruch C. Cohen_____
　　　　　　　　　　　　　　　　　　Baruch C. Cohen, Esq.
26  　　　　　　　　　　　　　　　　　　*Attorney For Defendant Nanette Denise Marchand*

27

28

1

## TABLE OF CONTENTS

2

3    MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

4        BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

5        ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

6            PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P.

7                §§ 9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012 . . . . . . . . . . . . . . . . . . -7-

8            PLAINTIFF'S 1st CAUSE OF ACTION UNDER 11 U.S.C. § 727(a)(2) IS

9                PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

10           PLAINTIFF'S 2nd CAUSE OF ACTION UNDER 11 U.S.C. § 727(a)(3) IS

11               PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

12           PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. § 727(a)(4) IS

13               PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

14       CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF AUTHORITIES**

2

# **CASES**

3

*Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) . . . . . . . . . . . . . . -15-

4

*Anderson v. Wiess (In re Wiess)*, 132 B.R. 588, 592 (Bankr. E.D. Ark. 1991) (citing Fed. R. Bankr. Proc. 4005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

5

6

*Ashcroft v. Iqbal*, 129 S. Ct. at 1950 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

7

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citing *Twombly*, 550 U.S. 544) . . . . . . . . . . . . . . . . -6-

8

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -5-

9

*Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

10

*Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

11

*Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . -5-

12

*Bauman v. Post (In re Post)*, 347 B.R. 104, 112 (Bankr. M.D. Fla. 2006) . . . . . . . . . . . . . . . -15-

13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

14

*Blacksmith Inv., LLC v. Cives Steel Co., Inc*., 228 F.R.D. 66, 73 (D. Mass. 2005) (citing *Powers v. Boston Cooper Corp*., 926 F.2d 109, 111 (1st Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . -6-

15

*Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957) . . . . . . . . . . . . . . . . . . . . . . . . -5-

16

*De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

17

*Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 785 (Bankr. E.D. Pa. 2004) . . . . . . -15-

18

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) . . . . . . . . . . . . . . . . . -5-

19

*Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997) . . . . . . . . -12-, -20-

20

*In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-, -20-

21

*In re Chalik*, 748 F.2d 616, 617 (11th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-, -19-

22

*In re Dawley*, 312 B.R. at 787 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

23

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

24

*In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

25

*In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) cited in *In re Georges*, 138 Fed. Appx. 471, 472 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

26

*In re Zimmerman*, 320 B.R. at 806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

27

28

*Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (9 Cir. 1994) . . . . . . . . . . . . . . . . . . . . . -14-

*Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

*Milkie v. Extreme Networks, Inc.*, 2004 WL 690844, slip op. at *7 (N.D. Tex. Mar. 30, 2004) . -6-

*Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006) . . . . . . . . . -15-

*N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . -4-

*Official Comm. of Unsecured Creditors of VarTec Telecom, Inc. v. Rural Tel. Fin. Coop. (In re
VarTec Telecom, Inc.*, 335 B.R. 631 (Bankr. N.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . -6-

*Palm Valley Homeowners v. Design MTC*, 85 Cal. App. 4th 553, 559 (2000) . . . . . . . . -11-, -20-

*Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) . . . . . . . . . . . . . . . -4-

*Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010)
(citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)) . . . . . . . . . . . . . . . . . . -6-

*Swicegood*, 924 F.2d at 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

*Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel-Phonic
Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)) . . . . . . . . . . . . . . . . . . -6-

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102
S.Ct. 567, 70 L.Ed. 2d 474 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Williams v. WMX Techs., Inc.*,
112 F.3d 175, 177 (5th Cir. 1997), cert. denied, 522 U.S. 966 (1997) . . . . . . . . . . . . . . . . . . . -6-

## **STATUTES**

11 U.S.C.  § 727(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

11 U.S.C.  § 727(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

11 U.S.C.  § 727(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

Cal. Rev. & Tax. Code § 23302(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-, -20-

Cal. Rev. & Tax. Code§ 23304.l(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-, -20-

F.R.B.P. 7015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-, -20-

F.R.B.P. 9011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-, -22-

F.R.B.P. 9011(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

F.R.C.P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-, -22-

F.R.C.P. 11(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

F.R.C.P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-, -20-

Federal Rule of Bankruptcy Procedure 4005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

Federal Rules of Civil Procedure, Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

1    1.      **MEMORANDUM OF POINTS & AUTHORITIES**

2        a.      **BACKGROUND**

3       On 12-8-2017, the Debtor commenced this chapter 7 bankruptcy.

4       During the Debtor's bankruptcy, leading up to the discharge date, Plaintiff conducted no 2004

5 examination of the Debtor.

6       On 3-12-2018, Plaintiff commenced this Complaint. The First Cause of Action is for Denial

7 of Discharge for Intentional Transfer and Concealment of Debtor's Property or Property of the Estate

8 in Violation of under 11 U.S.C. §727(a)(2); The Second Cause of Action is for Denial of Defendants'

9 Discharge for Failure to Keep or Preserve Sufficient And/or Accurate Records under 11 U.S.C.

10 §727(a)(3); The Third Cause of Action is for Denial of Defendants' Discharge for False Oath under

11 11 U.S.C. §727(a)(4).

12       On 4-11-2018, Defendant filed her *Motion to Dismiss Adversary Complaint for Denial of*

13 *Discharge Pursuant to: 1) 11 U.S.C. §727(A)(2); 2) 11 U.S.C. §727(A)(3); 3) 11 U.S.C. §727(A)(4)*.

14       On 6-14-2018, this Court granted Defendant's *Motion to Dismiss*, granting Plaintiff leave to

15 amend. At the 6-14-2018 hearing, Plaintiff acknowledged that "one of his major allegations" was

16 "inaccurate" and "incorrect," and pledged to delete portions of the amended complaint based upon the

17 fact that they are not supported by sufficient evidence. Portions of the transcript of the hearing

18 provided the following:

19         THE COURT: ... I mean, the Court had a chance to review the complaint. There really
are -- I mean, apart from the non-compliance with local Rule 9013-1(f)(2), I think

20         there are serious problems with the complaint in the sense that you don't tie specific
fact patters to specific provisions of Section 727. I mean, I think that rather than just

21         setting forth a whole bunch of facts and then at the very end concluding that they're
violations of 727, it doesn't really -- it doesn't focus the matter properly in the Court's

22         view. I think what you need to do is to tie -- is to basically state the particular
provision of 727. And you can do this more than once with respect to a particular

23         provision and –

24         MR. KELLEY: Sure.

25         THE COURT: -- indicate the facts that would support your contention that that
provision of the code was violated.

26

--- 

27

28         MR. KELLEY: Sure, I understand. What I'd like to do if Your Honor would be willing

to allow me to amend the complaint, what I'd like to do is I'd like to speak to Mr. Cohen privately off the record. I understand one of my major factual allegations there may be some inaccuracy to it. I've spoken with the Trustee, which is, you know, investigating some of the allegations and they've had trouble ascertaining it. Mr. Cohen seemed to indicate in his opposition or, excuse me, in his moving papers that I was incorrect on certain things. So, if that's correct and he shows me the evidence to prove it, I don't want to waste the Court's time, you know, running down a rabbit hole on something that's going to turn out to be inaccurate. So, if the Court would allow me to amend, I can take Your Honor's suggestions and, hopefully narrow the scope of the issues if Mr. Cohen would be willing to share some information with me informally.

---

THE COURT: All right. Very good. So the Court's thinking here is that it will -- what it will do is it will grant the motion to dismiss with leave to amend. And so you'll need to file that amended pleading within the period of the rule.

---

THE COURT: All right. And, Mr. Kelley, you should lodge the order on that and then you should have those discussions with Mr. Cohen about what portions of the existing complaint could perhaps be deleted based upon the fact that they are not supported by sufficient evidence.

MR. KELLEY: I will.[1]

On 7-16-2018, Plaintiff filed his *First Amended Adversary Complaint for Denial of Discharge Pursuant to: 1) 11 U.S.C. § 727(A)(2); 2) 11 U.S.C. § 727(A)(3); 3) 11 U.S.C. § 727(A)(4)* ("*First Amended Complaint*" or "FAC") which basically repeats the same inaccurate and incorrect allegations, failed to tie specific fact patters to specific provisions of Section 727, and ***still*** fails to state valid causes of action. Plaintiff has not done what he promised, and what the Court instructed him to do.

Plaintiff's FAC contains an introduction that continues to materially misrepresent the arbitrator's finding of fraud by the Debtor. While this FAC does not allege a fraud violation under 11 U.S.C. § 523(a)(2), and said allegation in the introduction is completely irrelevant.

Plaintiff's FAC presents the following allegations of § 727 fraud on the court:

1.    The Debtor's alleged concealment or laundered funds from a closing:

---

[1]A true and correct copy of the Transcript of the 6-14-2018 hearing on the Debtor's Motion to Dismiss is attached hereto as Exhibit "1" and is incorporated herein by this reference. Defendant by and through her attorney, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201.

     a.     A November, 2015, an unidentified cashier's check for "approximately" $210,000 which to date, has not been cashed (FAC ¶¶ 13, 33a, 44a).

     b.     On December, 2017, immediately prior to filing for bankruptcy, Debtor withdrew an unidentified significant amount of cash from her unidentified bank accounts (FAC ¶¶ 16, 33b, 44c).

     c.     "Alternatively" (FAC ¶ 33(b), Debtor gave Blakely the unidentified $210,000 cashier's check as an unidentified security for an unidentified  loan (FAC ¶ 23, 44e)

2.     The Debtor's alleged nondisclosure of real estate:

     a.     Debtor rents property at 47201 El Agadir, Palm Desert, California 92260 for $150.00 per month (FAC ¶¶ 17, 44d).

     b.     Blakely allegedly lent or gifted the Debtor money to pay for the arbitration costs, including a payment of $12,675.00 in February, 2017 (FAC ¶ 20).

     c.     Debtor bragged to unidentified friends and colleagues that she "purchased a house in the desert" and was essentially retiring from real estate (FAC ¶ 21).

3.     The Debtor failed to list in her schedules an inactive limited liability company that was suspended by the California Franchise Tax Board: Nat Global Properties, LLC. (FAC ¶¶ 24-25, 33d, 44f).

4.     The Debtor's alleged nondisclosure of expensive clothes and jewelry: Debtor listed in her schedules $300.00 in clothing and $500.00 in jewelry (FAC ¶¶ 29-32, 33e, 44g).

5.     The Debtor's alleged nondisclosure of the Blakely loan or gift (FAC ¶44e).

6.     The Debtor's alleged nondisclosure of some of her unidentified jewelry that she sold off before bankruptcy to support herself (FAC ¶44h).

All factual allegations fail to qualify to state sufficient facts to deny the Debtor's discharge under 11 U.S.C. § 727(A)(2); 11 U.S.C. § 727(A)(3); & 11 U.S.C. § 727(A)(4) and are properly dismissed.

Accordingly, the task has fallen upon Defendant to bring the instant *Motion to Dismiss*, for failure to state a claim upon which relief can be granted pursuant to Rule 7012 of the Federal Rules

1   of Bankruptcy Procedure, incorporating by reference, Rule 12(b)(6) of the Federal Rules of Civil

2   Procedure in order to demonstrate that Plaintiff's pleading is filled with superfluous matter, alleging

3   vague unspecified conduct, damages, and events which are so remote in time as to be time-barred and

4   allegations which are mere conclusions.

5       a.    **ARGUMENT**

6       A complaint must allege sufficient factual matter, which if accepted as true would "state a

7   claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949

8   (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

9   plausible when a court can draw a reasonable inference that the defendant is liable for misconduct.

10      The complaint must state a claim for relief that is plausible in order to survive a motion to

11  dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. at 1950. A dismissal without leave to amend should not be

12  granted unless "the complaint could not be saved by any amendment." *Polich v. Burlington Northern,*

13  *Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (citation omitted).

14      Federal Rules of Civil Procedure, Rule 12(b)(6) provides, in pertinent part:

15      Every defense, in law or fact, to a claim for relief in any pleading, whether a claim,
        counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive
16      pleading thereto if one is required, except that the following defenses may at the option
        of the pleader be made by motion: ... (6) failure to state a claim upon which relief can
17      be granted ... .

18      Courts have increasingly recognized that under appropriate circumstances these motions are

19  useful and even necessary tools for disposing of insupportable claims.  Thus, while the Court, in

20  deciding a motion to dismiss, must accept as true all material allegations of a complaint and construe

21  them in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

22  Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

23  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct.

24  1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

25  facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

26  inference that the defendant is liable for the misconduct alleged." (*Ibid.*) In other words, the relevant

27  question for purposes of a motion to dismiss for failure to state a claim is "whether, assuming the

28

8/14-5:49pm                    -4-

1    factual allegations are true, the plaintiff has stated a ground for relief that is plausible." _Ashcroft_,

2    _supra_, 129 S.Ct. at 1959. However, the Court need not accept conclusory allegations, unwarranted

3    deductions or unreasonable inferences. _Western Mining Council v. Watt_, 643 F.2d 618, 624 (9th Cir.

4    1981), _cert. denied_, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981). Nor need a court assume

5    that Plaintiff can prove facts different from those it has alleged. _Associated Gen. Contractors of Calif._

6    _v. California State Council of Carpenters_ 459 U.S. 519, 526 (1983).  As one court has put it, courts

7    need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable

8    conclusions, periphrastic circumlocutions, and the like need not be credited." _Aulson v. Blanchard_ 83

9    F.3d 1, 3 (1st Cir. 1996).

10       Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy by Federal Rule of

11   Bankruptcy Procedure 7012, is similar to the common law general demurrer in that it tests the legal

12   sufficiency of the claim or claims stated in the complaint. A court must decide whether the facts

13   alleged, if true, would entitle the plaintiff to some form of legal remedy. _Conley v Gibson_, 355 U.S.

14   41, 45-46, 78 S.Ct. 99, 102 (1957); _De La Cruz v Tormey_ 582 F.2d 45, 48 (9th Cir. 1978).

15       Therefore, a Rule 12(b)(6) dismissal motion is proper where there is an absence of sufficient

16   facts alleged under a cognizable legal theory. _Balistreri v. Pacifica Police Dept_, 901 F.2d 696, 699

17   (9th Cir. 1990); _Graehling v. Village of Lombard, III_, 58 F.3d 295, 297 (7th Cir. 1995). If a critical

18   threshold element is missing from the Plaintiff's FAC, a motion to dismiss under Rule 12(b)(6) must

19   be granted. This is precisely the problem with Plaintiff's FAC - alleged facts are not stated with the

20   requisite specificity.

21       Dismissal of this FAC as to these amorphous claims is warranted as Plaintiff has not pled

22   "enough facts to state a claim for relief that is plausible on its face." _Bell Atl. Corp. v. Twombly_, 127

23   S. Ct. 1955, 1960, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to

24   relief above the speculative level, on the assumption that all the allegations in the complaint are true

25   (even if doubtful in fact)."  Id. at 1965 (internal citations omitted).  Mere recitals of the elements of

26   a cause of action, supported by conclusory statements and naked assertions devoid of substantiated

27   factual enhancement are insufficient to sustain a statement of a claim. _Ashcroft v. Iqbal_, 129 S.Ct.

28

1   1937 (2009) (citing *Twombly*, 550 U.S. 544). Additionally, to the extent that a Plaintiff's claims set

2   forth conclusory allegations or unwarranted deductions of fact, the Court is not obliged to accept such

3   allegations or deductions as true. *Official Comm. of Unsecured Creditors of VarTec Telecom, Inc. v.*

4   *Rural Tel. Fin. Coop. (In re VarTec Telecom, Inc.*, 335 B.R. 631 (Bankr. N.D. Tex. 2005).

5       Since Plaintiff alleged fraud on the court under 11 U.S.C. § 727(a)(2)(A), the Plaintiff's

6   burden is even higher under Federal Rule of Civil Procedure 9(b), which requires the plaintiff to plead

7   the specific time, place, and contents of the alleged false representation, as well as the identity or

8   capacity of the person making the misrepresentation and what that person obtained from making the

9   alleged misrepresentation. See, e.g., *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010)

10  (citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)); *Williams v. WMX Techs., Inc.*,

11  112 F.3d 175, 177 (5th Cir. 1997), cert. denied, 522 U.S. 966 (1997); *Tuchman v. DSC*

12  *Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel-Phonic Services, Inc. v.*

13  *TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Courts require that the plaintiff properly

14  plead the "who, what, when, where, and how" of the alleged false representations. *Milkie v.*

15  *Extreme Networks, Inc.*, 2004 WL 690844, slip op. at *7 (N.D. Tex. Mar. 30, 2004). The plaintiff's

16  failure to do so in his pleadings necessitates that the Motion be granted. "The heightened

17  pleading requirement for fraud applies to claims of misrepresentation, as well as those labeled

18  'fraud.'" *Blacksmith Inv., LLC v. Cives Steel Co., Inc.*, 228 F.R.D. 66, 73 (D. Mass. 2005) (citing

19  *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir. 1991).

20            i.     **PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT**

21               **TO F.R.C.P. §§ 9(B), 12(B)(6) AND F.R.B.P. §§ 7009, 7012**

22               (1)     **PLAINTIFF'S 1ˢᵗ CAUSE OF ACTION UNDER 11 U.S.C. §**

23                    **727(a)(2) IS PROPERLY DISMISSED**

24  11 U.S.C. § 727(a)(2)(A) - Discharge provides:

25  (a) The court shall grant the debtor a discharge, unless—
    (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the

26  estate charged with custody of property under this title, has transferred, removed,
    destroyed, mutilated, or concealed, or has permitted to be transferred, removed,

27  destroyed, mutilated, or concealed—
    (A) property of the debtor, ***within one year before the date of the filing of the petition***

28

[Emphasis added]

Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a disposition of property by or at the sufferance of the debtor by transfer, removal, destruction, mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property. Both elements must take place within 1-year of the Petition Date of 12-8-2017 (the one-year pre-filing period); acts and intentions occurring before this period are forgiven. *In re Lawson*, 122 F3d 1237 (CA9 1997). This section is construed liberally in favor of the debtor and strictly against those objecting to discharge. Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent. *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994).

Plaintiff's factual scenarios of the FAC do not state facts sufficient to deny a discharge for Intentional Transfer and Concealment of Debtor's Property or Property of the Estate in Violation of 11 U.S.C. §727(a)(2).

**Factual Scenarios 1a & 2(a)(b)(c)**: A November, 2015, unidentified cashier's check for "approximately" $210,000 which to date, has not been cashed (FAC ¶¶ 13, 33a, 44a). "Alternatively" (¶FAC 33(b), Debtor gave Blakely the $210,000 cashier's check as security for a loan (FAC ¶ 23, 44e).

The FAC ***still*** does not identify ***when*** Debtor allegedly gave Blakely the $210,000 cashier's check. If it occurred before the 1-year reachback of 12-8-2016, said allegation could not be the basis of a § 727(a)(2)(A) violation. What factual scenario ***in terms of dates***, has Plaintiff cited in the Complaint that support a 11 U.S.C. § 727(a)(2)(A) violation? None.

Federal Rule of Civil Procedure 9, and Federal Rule of Bankruptcy Procedure 7009 specifically requires: "(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, ***a party must state with particularity the circumstances constituting fraud or mistake***." [Emphasis added].

What is the unidentified cashier's check number? From which bank account of the Debtor was this unidentified cashier's check issued from? What is the Debtor's bank account #? Why is the exact

-7-

1    amount of this unidentified cashier's check alleged?  None are cited in the FAC

2        Plaintiff's theory that "alternatively" (¶FAC 33(b), the Debtor gave Blakely the $210,000

3    cashier's check as an unidentified security for an unidentified loan (FAC ¶ 23, 44e) is equally vague.

4    Alternate theories are insufficient to pass judicial scrutiny under Federal Rule of Civil Procedure 9,

5    and Federal Rule of Bankruptcy Procedure 7009. What fact was alleged with particularity about this

6    unidentified security for this unidentified loan? What were the terms of this alleged unidentified

7    security agreement? What documents evidenced this alleged unidentified security agreement? Where

8    was this alleged unidentified security agreement filed and recorded; in which county and state?

9    Where is Blakely's confirmation of this unidentified security agreement? None are cited in the FAC..

10        What, exactly, were Defendant's alleged concealment activities ***within the one year period***

11    ***before filing for bankruptcy***, as required by § 727(a)(2)(A)? None are cited in the FAC..

12        How was this alleged unidentified cashier's check for approximately $210,000 disposed of by

13    the Defendant, with the subjective intent defraud ***within 1-year of the Petition Date of 12-8-2017*** (the

14    one-year pre-filing period) under 11 U.S.C. § 727(a)(2)(A), and what & how did the Defendant

15    conceal these assets?  None are cited in the FAC.. In this case, Defendant filed for bankruptcy on 12-

16    8-2017. Thus, to prevail on its claim under 11 U.S.C. § 727(a)(2)(A), Plaintiff must prove (and plead)

17    by clear and convincing evidence that the debtor committed one of the enumerated acts between 12-8-

18    2016 - 12-8-2017 which it simply did not do.

19        Despite the seemingly absolute jurisdictional limitation of 11 U.S.C.§ 727(a)(2)(A) on the

20    timing of the debtor's conduct, Plaintiff argued in his earlier Opposition to the original Motion to

21    Dismiss, that the Defendant's continued retention of assets allegedly transferred out, and her alleged

22    continuing intentional concealment brings them within the scope of 11 U.S.C.§ 727(a)(2)(A).

23        Defendant disagrees with Plaintiff's argument that the doctrine of "continuing concealment"

24    applies in this case. Under this doctrine, discharge can be denied under 11 U.S.C.§ § 727(a)(2)(A),

25    even though the subject transfer allegedly occurred more than one year before the debtor filed

26    bankruptcy, if the debtor intentionally allowed her interest in the property to remain concealed into

27    the year preceding the bankruptcy filing. _In re Lawson_, 122 F.3d at 1240. "Concealment" in this sense

28

1    focuses on the debtor's intent to conceal any "interest" in the transferred property into the year before

2    the bankruptcy filing (12-8-2016 - 12-8-2017) not whether the debtor intended to conceal "the

3    transfer." Here, Plaintiff's FAC fails to cite any facts to support his conclusion that a "concealment"

4    occurred within the meaning of the doctrine.

5        Consequently, to take advantage of the "continuing concealment" doctrine, the Plaintiff must

6    plead and demonstrate by clear and convincing evidence, "a transfer of title coupled by the retention

7    of the benefits of ownership" within the 1-year before the Petition Date. _Thibodeaux v. Olivier (In re_

8    _Olivier)_, 819 F.2d 550, 553 (5th Cir. 1987) - which Plaintiff did not do. Plaintiff has **_still_** not properly

9    plead any facts to establish a continuing concealment of assets between 12-8-2016 - 12-8-2017 . _In_

10   _Re Serafini_, 113 B.R. 692 (D. Colo. 1990).

11       The one-year "lookback" period in § 727(a)(2)(A) is a "statute of repose" not subject to

12   equitable tolling. A statute of repose (sometimes called a nonclaim statute), like a statute of limitation,

13   is a statute that cuts off certain legal rights if they are not acted on by a specified deadline. _Tidewater_

14   _Fin. Co. v. Williams (In re Williams_), 498 F.3d 249, 257 (4th Cir. 2007). _In re: Ronald A. Neff_,

15   CC-13-1041-KiTaD (9th Cir. BAP 2014).

16          "A statute of limitations creates an affirmative defense where plaintiff failed to bring
17          suit within a specified period of time after his cause of action accrued, often subject
             to tolling principles." _Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc_., 597 F.3d 84,
             88 n.4 (2d Cir. 2010) (citing _Stuart v. Am. Cyanamid Co._, 158 F.3d 622, 627 (2d Cir.
18          1998); _P. Stolz Family P'ship v. Daum_, 355 F.3d 92, 102-03 (2d Cir. 2004)). "By
             contrast, a statute of repose extinguishes a plaintiff's cause of action after the passage
19          of a fixed period of time, usually measured from one of the defendant's acts." Id.
             (citing _P. Stolz Family P'ship_, 355 F.3d at 102–03). In other words, a statute of
20          limitations sets a time limit for bringing an action; a statute of repose sets a time period
             in which an event giving rise to a claim for relief must occur. **A statute of repose**
21          **"bar[s] any suit that is brought after a specified time since the defendant acted**
             **. . . even if this period ends before the plaintiff has suffered a resulting injury**."
22          BLACK'S LAW DICTIONARY 1451 (8th ed. 2004) (emphasis added).

23       Statutes of repose are not concerned with the plaintiff's diligence; they are concerned with the

24   defendant's peace. _Underwood Cotton Co. v. Hyundai Merch. Marine (Am.), Inc_., 288 F.3d 405, 409

25   (9th Cir. 2002). "Put more bluntly, there is a time when allowing people to put their wrongful conduct

26   behind them — and out of the law's reach — is more important than providing those wronged with

27   a legal remedy, even if the victims never had the opportunity to pursue one." _Lyon v. Aguilar (In re_

28

1   *Aguilar*), 470 B.R. 606, 614 (Bankr. D.N.M. 2012) (quoting *In re Exxon Mobil Corp. Sec. Litig.*, 500

2   F.3d 189, 200 (3d Cir. 2007)).

3        Equitable tolling applies only to limitations periods. See *Young*, 535 U.S. at 49; *Tidewater*,

4   498 F.3d at 254. A statute of limitations subject to equitable tolling has two common characteristics:

5   (1) the statute provides a plaintiff with a specified period of time within which to pursue a claim to

6   preserve a remedy; and (2) such period begins when the plaintiff has or discovers he has a complete

7   and present claim. *Tidewater*, 498 F.3d at 255-56 (citing *Young*, 535 U.S. at 47-49); *In re Aguilar*, 470

8   B.R. at 615; *In re Maas*, 416 B.R. 767, 769-70 (Bankr. D. Kan. 2009). "When these two

9   circumstances exist, a court will often toll a period if it concludes that equitable considerations

10  excuse a plaintiff's failure to take the required action within the time period." *Tidewater*, 498 F.3d at

11  256 (citing *Young*, 535 U.S. at 50-51). See *Tidewater Fin. Co. v. Williams (In re Williams)*, 341 B.R.

12  530, 533 (D. Md. 2006) ("The doctrine of equitable tolling 'permits a court to suspend the measuring

13  period for a party to take action during the time the party was unable to act.'") (quoting *In re Williams*,

14  333 B.R. 68, 71 (Bankr. D. Md. 2005)).

15       Equitable tolling is inconsistent with statutes of repose. *Lampf, Pleva, Lipkind, Prupis &

16  Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991). "Statutes of repose do not start to run when the

17  plaintiff has or discovers he has an action. Rather, the statutes set an outside limit as to when the cause

18  of action can accrue in the first place." *In re Aguilar*, 470 B.R. at 615 (citing *In re Maas*, 416 B.R. at

19  771).

20       Section 727(a)(2)(A) does not share either one of the required characteristics of a statute of

21  limitations. It does not provide a creditor with a specified period of time for pursuing a claim to

22  preserve a remedy, and the one-year period is not dependent on the discovery or accrual of a claim.

23  Rather, the one-year period is based on when the debtor files the bankruptcy petition. Accordingly,

24  Plaintiff's 1st Cause of Action under 11 U.S.C. §727(a)(2)(A) for this factual scenario is properly

25  dismissed.

26       **Factual Scenario # 1(b)**: On December, 2017, immediately prior to filing for bankruptcy,

27  Debtor allegedly withdrew an unidentified significant amount of cash from her unidentified bank

28

1    accounts (FAC ¶¶ 16, 33b, 44c).

2        From which bank account of the Debtor was this unidentified significant cash withdrawal

3    from? What is the Debtor's bank account #? Why is the exact amount of this unidentified cash

4    withdrawal? None are cited in the FAC. .

5        Plaintiff's FAC ¶33(c) admits: "*The exact amount withdrawn, and the bank account from*

6    *which it was withdrawn, are presently unknown to plaintiff. Upon conducting discovery and*

7    *ascertaining the source and amount of the withdraw, plaintiff will amend the complaint to conform*

8    *to the proof.*" But, during the Debtor's bankruptcy, leading up to the discharge date, Plaintiff

9    conducted no 2004 examination of the Debtor to ascertain these facts before alleging them. Such an

10   admission does not cure the fatal deficiencies of pleading fraud with specificity. Accordingly,

11   Plaintiff's 1st Cause of Action under 11 U.S.C.  § 727(a)(2)(A) for this factual scenario is properly

12   dismissed.

13       **Factual Scenario # 2** : The Debtor's alleged nondisclosure of real estate: Debtor rents

14   property at 47201 El Agadir, Palm Desert, California 92260 for $150.00 per month (FAC ¶¶ 17, 44d).

15   Blakely allegedly lent "or" gifted the Debtor money to pay for the arbitration costs, including a

16   payment of $12,675.00 in February, 2017 (FAC ¶ 20).  Debtor bragged to unidentified friends and

17   colleagues that she "purchased a house in the desert" and was essentially retiring from real estate

18   (FAC ¶ 21).

19       The FAC does not identify any facts (other than conclusions) that the Debtor bragged to

20   unidentified people that she owned said property (who, what, where, when?), and the FAC does not

21   identify any facts that title to said property was in anyway transferred or concealed and most

22   importantly, when it was transferred. If it occurred before the 1-year reachback of 12-8-2016, said

23   allegation could not be the basis of a § 727(a)(2)(A) violation.

24       What fact was alleged with particularity about this unidentified loan or gift to the Debtor?

25   What were the terms of this alleged loan or gift to the Debtor? What documents evidenced this

26   alleged loan or gift to the Debtor? Where is Blakely's confirmation of this unidentified  loan or gift

27   to the Debtor? None are cited in the FAC..

28

1    If Blakely gifted the Debtor $12,675.00 in February, 2017, it would not have to be listed in the

2    Debtor's petition. Gifts to a debtor are not income, and the Statement of Financial Affairs only

3    requests that the Debtor identify gifts made by the debtor to a transferee. Perhaps the Debtor drew an

4    advance on a draw - it would be her monies - not transferred. Perhaps Blakely gifted the money to the

5    Debtor - again,  it would be her monies - not transferred.

6    The FAC does not identify any facts (other than conclusions) that the Debtor bragged to

7    unidentified people that she owned said property (who, what, where, when?), and the FAC does not

8    identify any facts that title to said property was in anyway transferred or concealed and most

9    importantly, when it was transferred.

10    What, exactly, were Defendant's alleged concealment activities ***within the one year period***

11    ***before filing for bankruptcy***, as required by § 727(a)(2)(A)? None are cited in the FAC.

12    **Factual Scenario # 3**: The Debtor allegedly failed to list in her schedules an inactive limited

13    liability company that was suspended  by the California Franchise Tax Board: Nat Global Properties,

14    LLC. (FAC ¶¶ 24-25, 33d, 44f).

15    The FAC does not identify any facts (other than conclusions) that the Debtor owned the

16    suspended LLC, other than make reference to a public records search that she was a managing member

17    of the LLC ***back in 2015***. In fact, the California Secretary of State business portal reflects that said

18    LLC was suspended  by the California Franchise Tax Board.[2] The Defendant had no obligation to

19    disclose an inactive suspended company, that is worth nothing, that is not material, that did no

20    business at the time of the Petition, that had no customers at that time, and that had no employees

21    then. The omission of this asset was not a detriment to creditors. This asset bears no relationship

22    whatsoever to the Debtor's current business transactions, nor did it concern the discovery of assets,

23    business dealings, or the existence and disposition of the Debtor's property." *In re Chalik*, 748 F.2d

24    616, 617 (11th Cir.1984).

25

---

26    [2]A true and correct copy of the California Secretary of State business portal reflects that said
LLC was suspended  by the California Franchise Tax Board is attached hereto as Exhibit "2" and is
27    incorporated herein by this reference. Defendant by and through her attorney, hereby requests the
Court to take judicial notice pursuant to Federal Rule of Evidence 201.
28

1       The FAC does not identify any facts (other than conclusions) as to when the Debtor allegedly

2  owned this suspended LLC. If it occurred before the 1-year reachback of 12-8-2016, said allegation

3  could not be the basis of a § 727(a)(2)(A) violation.

4       Plaintiff's FAC ¶ 33(d) admits: "*Although Nat Global Properties, LLC is currently suspended*

5  *by the California Secretary of State for failure to pay taxes to the Franchise Tax Board*" Plaintiff

6  cavalierly concludes: "*this does not mean that the LLC has been dissolved, owns no assets, has no*

7  *bank accounts, or otherwise is out of business. It simply means the franchise taxes were not paid, and*

8  *that the LLC can have the FTB suspended status removed by paying the taxes*." Plaintiff is simply

9  wrong about this.

10       Generally, a suspended corporation cannot file an amendment to its articles of incorporation

11  or a certificate of dissolution. While suspended, the company is "disabled from participating in

12  litigation activities." It can't file or answer a complaint, or enter a judgment from another state. _Palm_

13  _Valley Homeowners v. Design MTC_, 85 Cal. App. 4th 553, 559 (2000) (upholding sanctions against

14  lawyers who knew their corporate client was suspended, but answered cross-complaints, engaged in

15  discovery and asked the court for summary judgment). While a company's powers are suspended or

16  forfeited by the FTB or the Attorney General, the corporation "shall not be entitled to sell, transfer,

17  or exchange real property in California during the period of forfeiture or suspension." Cal. Rev. &

18  Tax. Code § 23302(d). If the suspension or forfeiture was initiated by the FTB, the contracts made in

19  California by the corporation while it was subject to the suspension or forfeiture are voidable by any

20  party to the contract other than the suspended or forfeited corporation. If the suspension or forfeiture

21  was initiated by the FTB, the contracts made in California by the corporation while it was subject to

22  the suspension or forfeiture are voidable by any party to the contract other than the suspended or

23  forfeited corporation. Cal. Rev. & Tax. Code § 23304.l(a).

24       How was this suspended LLC disposed of by the Defendant, with the subjective intent defraud

25  **within 1-year of the Petition Date of 12-8-2017** (the one-year pre-filing period) under 11 U.S.C.

26  § 727(a)(2)(A), and what & how did the Defendant conceal this asset?  None are cited in the FAC..

27       Plaintiff's FAC fails to mention that out of a modicum of caution, the on 5-18-2018, the

28

Debtor voluntarily amended her Schedule B and listed the suspended LLC at a zero dollar value, thereby correcting and remedying what she inadvertently omitted beforehand. The Complaint cites no facts that this was more than an innocent and inadvertent oversight.[3] In *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) the Court clearly stated that an opportunity to clear up inconsistencies and omissions with amended schedules may be considered in analyzing findings of actual intent to defraud); *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997). Under the "Relations Back" Doctrine of Federal Rule of Civil Procedure 15, and F.R.B.P 7015, said amendment of 5-18-2018 relates back to the initial bankruptcy filing of 12-8-2017, and therefore verify the integrity of this Defendant to maintain the accuracy of her Petition. Accordingly, Plaintiff's 1st Cause of Action under 11 U.S.C. § 727(a)(2)(A) for this factual scenario is properly dismissed.

**Factual Scenario # 4 & 6**: The Debtor's alleged nondisclosure of expensive clothes and jewelry: Debtor listed in her schedules $300.00 in clothing and $500.00 in jewelry (FAC ¶¶ 29-32, 33e, 44g). The Debtor's alleged nondisclosure of some of her unidentified jewelry that she sold off before bankruptcy to support herself (FAC ¶44h). The Debtor's alleged nondisclosure of some of her unidentified jewelry that she sold off before bankruptcy to support herself (FAC ¶44h).

Debtor claimed $300.00 in clothing and $500.00 in jewelry (FAC ¶¶ 29-32). The FAC does not identify any facts (other than mere boilerplate conclusions). Merely wearing expensive jewelry, does not equate to owning them. For example, Hollywood stars would appear at the Academy Awards wearing expensive jewelry owned by jewelers who wanted the free advertisement and publicity. Further, if the jewelry is imitation jewelry, again, they would be worth nothing, not worthy of disclosure.

The FAC cites no facts that Debtor owned this Cartier wrist watch "which likely had a retail value of at least $5,000.00" and actually owned this a Céline handbag "which retails for $2,950.00," an unidentified expensive sunglasses, as well as matching diamond earrings and a diamond necklace -

---

[3]A true and correct copy of the Debtor's 5-18-2018 Amendment is attached hereto as Exhibit "3" and is incorporated herein by this reference. Defendant by and through her attorney, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201.

other than stating that it was worn at an arbitration hearing.

Plaintiff's FAC ¶ 28, merely listing the Debtor's unsecured debt of $39,757.80 to various unsecured creditors: Amex - $18,416; Bloomingdale's - $107.80; Citicard - $5,588.00; Macy's - $1,254.00; Nordstrom - $1,498.00; Wells Fargo Card Services - $12,894.00, without stating that the purchases were for "high end" expensive clothes and jewelry is insufficient to equate that the Debtor owned same.  In fact, Plaintiff cites no facts that said charges were for "high end" expensive clothes and jewelry. Merely citing the name of the vendor, without citing the exact clothes and jewelry is insufficient. Going one step further, the only "high end" clothing vendor is Bloomingdale's with a debt of only $107.80. Plaintiff alleges no evidence that the Debtor purchased a Cartier wrist watch "which likely had a retail value of at least $5,000.00" or a a Céline handbag "which retails for $2,950.00," from any of these stores. Accordingly, Plaintiff's 1st Cause of Action under 11 U.S.C. § 727(a)(2)(A) for this factual scenario is properly dismissed.

(2)    **PLAINTIFF'S 2nd CAUSE OF ACTION UNDER 11 U.S.C.**

**§ 727(a)(3) IS PROPERLY DISMISSED**

11 U.S.C. § 727(a)(3) - Discharge provides:

(a) The court shall grant the debtor a discharge, unless—
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

The burden is on the "the objecting party to show that the debtor has failed to keep or preserve sufficient and/or accurate records which would reflect the recent financial condition of the debtor." *Anderson v. Wiess (In re Wiess*), 132 B.R. 588, 592 (Bankr. E.D. Ark. 1991) (citing Fed. R. Bankr. Proc. 4005).

The Ninth Circuit confirmed that a debtor has an obligation to maintain adequate records as a condition to receiving a discharge: "[t]he purpose of [section 727] is to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs." The initial burden of proof under § 727(a)(3) is on the plaintiff. "In order to state a prima facie case under section 727(a)(3), a creditor objecting to discharge must show (1) that the debtor failed to maintain and preserve

adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." Once the objecting party shows that the debtor's records are absent or are inadequate, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records. *Lansdowne v. Cox (In re Cox*), 41 F.3d 1294, 1296 (9 Cir. 1994).

Plaintiff's FAC states no such failure. It does not cite any facts explaining Debtor's failure to produce her banking records from and after the November, 2015 real estate closing to the Trustee.

Truth be told, that this allegation is a serious Federal Rule of Civil Procedure 11 - Federal Rule of Bankruptcy Procedure 9011 violation, and is completely false, because on 4-19-2018, the Trustee requested these documents, and on 7-16-2018, the Debtor produced them in full to the Trustee. They were send via email in pdf format, per the Trustee's request. Due to the large volume of information, Debtor's counsel David Flader had to send them in 5 separate emails. Copies of the correspondence are attached.[4]

Plaintiff was warned that Federal Rule of Civil Procedure 11(b)(3) and Federal Rule of Bankruptcy Procedure  9011(b)(3) prohibit factual representations to the Court that have no evidentiary support. As the above allegation is factually false, Defendant requested that Plaintiff voluntarily withdraw the 2nd Cause of Action in his First Amended Complaint, and Plaintiff refused. Once this Motion is ultimately granted, Defendant will be forced to file an action fo malicious prosecution against Plaintiff for his improper commencement and maintenance of this cause of action in violation of Federal Rule of Civil Procedure 11(b)(3) and Federal Rule of Bankruptcy Procedure 9011(b)(3). Accordingly, Plaintiff's 2nd Cause of Action under 11 U.S.C. § 727(a)(3) is properly dismissed.

(3)    **PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C.**

**§ 727(a)(4) IS PROPERLY DISMISSED**

11 U.S.C.  § 727(a)(4)(A) - Discharge provides:

(a) The court shall grant the debtor a discharge, unless—
(4) the debtor knowingly and fraudulently, in or in connection with the case—

---

[4]A true and correct copy of said correspondence is attached hereto as Exhibit "4" and is incorporated by this reference.

1   (A) made a false oath or account

2    A plaintiff seeking denial of a debtor's discharge under § 727(a)(4)(A) must prove that:

3 (1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the

4 statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement

5 related materially to the bankruptcy case. _Matter of Beaubouef_, 966 F.2d 174, 178 (5th Cir 1992),

6 cited in _In re Spitko_, 357 B.R. at 312. _Accord Keeney v. Smith (In re Keeney)_, 227 F.3d 679, 685 (6th

7 Cir. 2000); _Moore v. Strickland (In re Strickland)_, 350 B.R. 158, 163 (Bankr. D. Del. 2006). See also

8 _In re Zimmerman_, 320 B.R. at 806.

9    Not all omissions or errors, however, lead to denial of a discharge. A debtor that is

10 merely careless in preparing schedules and statements or in testimony in connection with a case

11 may receive a discharge absent proof of fraudulent intent. _Bauman v. Post (In re Post)_, 347 B.R.

12 104, 112 (Bankr. M.D. Fla. 2006); _Estate of Harris v. Dawley (In re Dawley)_, 312 B.R. 765, 785

13 (Bankr. E.D. Pa. 2004). Further, a debtor who relies on the advice of counsel who is generally aware

14 of all relevant facts also will not be found to have made a false oath. _In re Topper_, 229 F.2d 691, 693

15 (3d Cir. 1956) cited in _In re Georges_, 138 Fed. Appx. 471, 472 (3d Cir. 2005); _In re Dawley_, 312 B.R.

16 at 787.

17    A party objecting to discharge under § 727(a)(4)(A) must prove by a preponderance of the

18 evidence that "the false oath [was] fraudulent and material." _Swicegood_, 924 F.2d at 232

19    Plaintiff's factual scenarios of the FAC do not state facts sufficient to deny a discharge for

20 False Oath under 11 U.S.C. § 727(a)(4).

21    **Alleged False Statement # 1: Factual Scenarios 1a & 2(a)(b)(c)**: The Debtor is alleged to

22 have failed to disclose a November, 2015, unidentified cashier's check for "approximately" $210,000

23 which to date, has not been cashed (FAC ¶¶ 13, 33a, 44a). "Alternatively" (¶FAC 33(b), Debtor gave

24 Blakely the $210,000 cashier's check as security for a loan (FAC ¶ 23, 44e).

25    How does one respond to a phantom claim? What is the unidentified cashier's check # that

26 Debtor allegedly failed to disclose? From which bank account of the Debtor was this  unidentified

27 cashier's check issued from that Debtor allegedly failed to disclose?  What is the Debtor's bank

28

1   account # that Debtor allegedly failed to disclose? Why is the exact amount of this unidentified

2   cashier's check alleged?  None are cited in the FAC

3        Plaintiff's theory that "alternatively" (FAC ¶ 33(b), the Debtor gave Blakely the $210,000

4   cashier's check as an unidentified security for an unidentified loan (FAC ¶ 23, 44e) is equally vague.

5   Alternate theories are insufficient to pass judicial scrutiny under Federal Rule of Civil Procedure 9,

6   and Federal Rule of Bankruptcy Procedure 7009. What fact was alleged with particularity about this

7   unidentified security for this unidentified loan that Debtor allegedly failed to disclose? What were the

8   terms of this alleged unidentified security agreement loan that Debtor allegedly failed to disclose?

9   What documents evidenced this  alleged unidentified  security agreement loan that Debtor allegedly

10   failed to disclose? Where was this  alleged unidentified  security agreement filed and recorded; in

11   which county and state loan that Debtor allegedly failed to disclose? Where is Blakely's confirmation

12   of this unidentified  security agreement loan that Debtor allegedly failed to disclose? None are cited

13   in the FAC..Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. § 727(a)(4) for this factual

14   scenario is properly dismissed.

15        **Alleged False Statement # 2:  Factual Scenario # 2** : The Debtor's alleged nondisclosure of

16   real estate: Debtor rents property at 47201 El Agadir, Palm Desert, California 92260 for $150.00 per

17   month (FAC ¶¶ 17, 44d).  Blakely allegedly lent "or" gifted the Debtor money to pay for the

18   arbitration costs, including a payment of $12,675.00 in February, 2017 (FAC ¶ 20).  Debtor bragged

19   to unidentified friends and colleagues that she "purchased a house in the desert" and was essentially

20   retiring from real estate (FAC ¶ 21).

21        The FAC does not identify any facts (other than conclusions) that the Debtor bragged to

22   unidentified people that she owned said property (who, what, where, when?).

23        What real property did Debtor fail to disclose in her bankruptcy? What's the address of this

24   property?  What's the legal address of this property? What evidence from the County records suggest

25   that the Debtor owns any real estate? None are cited in the FAC.

26        What fact was alleged with particularity about this unidentified loan or gift to the Debtor that

27   Debtor allegedly failed to disclose? What were the terms of this alleged loan or gift to the Debtor that

28

Debtor allegedly failed to disclose? What documents evidenced this alleged loan or gift to the Debtor? Where is Blakely's confirmation of this unidentified loan or gift to the Debtor? None are cited in the FAC..

If Blakely gifted the Debtor $12,675.00 in February, 2017, it would not have to be listed in the Debtor's petition. Gifts to a debtor are not income, and the Statement of Financial Affairs only requests that the Debtor identify gifts made by the debtor to a transferee. Perhaps the Debtor drew an advance on a draw - it would be her monies - not transferred. Perhaps Blakely gifted the money to the Debtor - again, it would be her monies - not transferred. Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. § 727(a)(4) for this factual scenario is properly dismissed.

**Alleged False Statement # 3: Factual Scenario # 1(b)**: On December, 2017, immediately prior to filing for bankruptcy, Debtor allegedly withdrew an unidentified significant amount of cash from her unidentified bank accounts (FAC ¶¶ 16, 33b, 44c).

From which bank account of the Debtor was this unidentified significant cash withdrawal from that Debtor allegedly failed to disclose? What is the Debtor's bank account # that Debtor allegedly failed to disclose? What is the exact amount of this unidentified cash withdrawal that Debtor allegedly failed to disclose? When, in December of 2017 did this alleged withdrawal take place? None are cited in the FAC.

Plaintiff's FAC ¶33(c) admits: "*The exact amount withdrawn, and the bank account from which it was withdrawn, are presently unknown to plaintiff. Upon conducting discovery and ascertaining the source and amount of the withdraw, plaintiff will amend the complaint to conform to the proof.*" But, during the Debtor's bankruptcy, leading up to the discharge date, Plaintiff conducted no 2004 examination of the Debtor to ascertain these facts before alleging them. Such an admission does not cure the fatal deficiencies of pleading fraud with specificity. Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. § 727(a)(4) for this factual scenario is properly dismissed.

**Alleged False Statement # 4:** Debtor allegedly did not list her landlord in her Schedule G to whom she has a lease with.

First, the Debtor's Schedule I merely states that the Debtor pays $150.00 a month towards her living expense be it rental or home expense. It does not state that the Debtor is "leasing" nor "owns" her apartment. It does not state that she has a landlord. Second, if the Debtor is living in her friend's apartment as a guest and contributes $150.00 a month as a good will gesture to cover her expenses, then her statement in Schedule I is completely accurate, as well as her Schedule G, since there would be no landlord creditor to list. Plaintiff's concocted theories of fraud would fail. Third, who is this unidentified landlord that the Debtor allegedly failed to list in her schedules? What are the terms to this unidentified rental agreement that the Debtor allegedly failed to list in her schedules? None are cited in the FAC. Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. § 727(a)(4) for this factual scenario is properly dismissed.

**Alleged False Statement # 5:** The Debtor's alleged nondisclosure of Blakely as a creditor. Blakely allegedly lent or gifted the Debtor money to pay for the arbitration costs, including a payment of $12,675.00 in February, 2017 (FAC ¶ 20).

What fact was alleged with particularity about this unidentified loan or gift to the Debtor that the Debtor allegedly failed to list in her schedules? What were the terms of this alleged loan or gift to the Debtor that the Debtor allegedly failed to list in her schedules? What documents evidenced this alleged loan or gift to the Debtor that the Debtor allegedly failed to list in her schedules? Where is Blakely's confirmation of this unidentified loan or gift to the Debtor that the Debtor allegedly failed to list in her schedules? None are cited in the FAC..

If Blakely gifted the Debtor $12,675.00 in February, 2017, it would not have to be listed in the Debtor's petition. Gifts to a debtor are not income, and the Statement of Financial Affairs only requests that the Debtor identify gifts made by the debtor to a transferee. Perhaps the Debtor drew an advance on a draw - it would be her monies - not transferred. Perhaps Blakely gifted the money to the Debtor - again, it would be her monies - not transferred. Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. § 727(a)(4) for this factual scenario is properly dismissed.

**Alleged False Statement # 6: Factual Scenario # 3**: The Debtor failed to list in her schedules an inactive limited liability company that was suspended by the California Franchise Tax Board: Nat

Global Properties, LLC. (FAC ¶¶ 24-25, 33d, 44f).

The FAC does not identify any facts (other than conclusions) that the Debtor owned the suspended LLC at the time of the bankruptcy, other than make reference to a public records search that she was a managing member of the LLC ***back in 2015***. In fact, the California Secretary of State business portal reflects that said LLC was suspended  by the California Franchise Tax Board.

The FAC does not identify any facts that this inactive suspended company, is worth anything, is material, did any business at the time of the Petition, has any customers, has any employees, or that the omission of this asset was a detriment to creditors.

The FAC does not identify any facts that this inactive suspended company, bears any relationship whatsoever to the Debtor's current business transactions, or that it concerns the discovery of assets, business dealings, or the existence and disposition of the Debtor's property.

In fact, the Defendant had no obligation to disclose an inactive suspended company, that is worth nothing, that is not material, that did no business at the time of the Petition, that had no customers at that time, and that had no employees then. The omission of this asset was not a detriment to creditors. This asset bears no relationship whatsoever to the Debtor's current business transactions, nor did it concern the discovery of assets, business dealings, or the existence and disposition of the Debtor's property." *In re Chalik*, 748 F.2d 616, 617 (11th Cir.1984).

Plaintiff's FAC ¶ 33(d) admits: "*Although Nat Global Properties, LLC is currently suspended by the California Secretary of State for failure to pay taxes to the Franchise Tax Board*" Plaintiff cavalierly concludes: "*this does not mean that the LLC has been dissolved, owns no assets, has no bank accounts, or otherwise is out of business. It simply means the franchise taxes were not paid, and that the LLC can have the FTB suspended status removed by paying the taxes*." Plaintiff is simply wrong about this.

Generally, a suspended corporation cannot file an amendment to its articles of incorporation or a certificate of dissolution. While suspended, the company is "disabled from participating in litigation activities." It can't file or answer a complaint, or enter a judgment from another state. *Palm Valley Homeowners v. Design MTC*, 85 Cal. App. 4th 553,  559  (2000) (upholding sanctions against

1    lawyers who knew their corporate client was suspended, but answered cross-complaints, engaged in

2    discovery and asked the court for summary judgment). While a company's powers are suspended or

3    forfeited by the FTB or the Attorney General, the corporation "shall not be entitled to sell, transfer,

4    or exchange real property in California during the period of forfeiture or suspension." Cal. Rev. &

5    Tax. Code § 23302(d). If the suspension or forfeiture was initiated by the FTB, the contracts made in

6    California by the corporation while it was subject to the suspension or forfeiture are voidable by any

7    party to the contract other than the suspended or forfeited corporation. If the suspension or forfeiture

8    was initiated by the FTB, the contracts made in California by the corporation while it was subject to

9    the suspension or forfeiture are voidable by any party to the contract other than the suspended or

10    forfeited corporation. Cal. Rev. & Tax. Code § 23304.l(a).

11        Plaintiff's FAC fails to mention that out of a modicum of caution, the on 5-18-2018, the

12    Debtor voluntarily amended her Schedule B and listed the suspended LLC at a zero dollar value,

13    thereby correcting and remedying what she inadvertently omitted beforehand. The Complaint cites

14    no facts that this was more than an innocent and inadvertent oversight. In *In re Beaubouef*, 966 F.2d

15    174, 178 (5th Cir. 1992) the Court clearly stated that an opportunity to clear up inconsistencies and

16    omissions with amended schedules may be considered in analyzing findings of actual intent to

17    defraud); *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294-95 (10th Cir. 1997). Under the

18    "Relations Back" Doctrine of Federal Rule of Civil Procedure 15, and F.R.B.P 7015, said amendment

19    of 5-18-2018 relates back to the initial bankruptcy filing of 12-8-2017, and therefore verify the

20    integrity of this Defendant to maintain the accuracy of her Petition. Accordingly, Plaintiff's 3rd Cause

21    of Action under 11 U.S.C. § 727(a)(4) for this factual scenario is properly dismissed.

22        **Alleged False Statement # 7: Factual Scenario # 4 & 6**: The Debtor's alleged nondisclosure

23    of expensive clothes and jewelry: Debtor listed in her schedules $300.00 in clothing and $500.00 in

24    jewelry (FAC ¶¶ 29-32, 33e, 44g). The Debtor's alleged nondisclosure of some of her unidentified

25    jewelry that she sold off before bankruptcy to support herself (FAC ¶44h). The Debtor's alleged

26    nondisclosure of some of her unidentified jewelry that she sold off before bankruptcy to support

27    herself (FAC ¶44h).

28

16

1     Debtor claimed $300.00 in clothing and $500.00 in jewelry (FAC ¶¶ 29-32). The FAC does

2  not identify any facts (other than mere boilerplate conclusions). Merely wearing expensive jewelry,

3  does not equate to owning them. For example, Hollywood stars would appear at the Academy Awards

4  wearing expensive jewelry owned by jewelers who wanted the free advertisement and publicity.

5  Further, if the jewelry is imitation jewelry, again, they would be worth nothing, not worthy of

6  disclosure.

7     The FAC cites no facts that Debtor owned this Cartier wrist watch "which likely had a retail

8  value of at least $5,000.00" and actually owned this a Céline handbag "which retails for $2,950.00,"

9  an unidentified expensive sunglasses, as well as matching diamond earrings and a diamond necklace -

10  other than stating that it was worn at an arbitration hearing.

11     Plaintiff's FAC ¶ 28, merely listing the Debtor's unsecured debt of $39,757.80 to various

12  unsecured creditors: Amex - $18,416; Bloomingdale's - $107.80; Citicard - $5,588.00; Macy's -

13  $1,254.00; Nordstrom - $1,498.00; Wells Fargo Card Services - $12,894.00, without stating that the

14  purchases were for "high end" expensive clothes and jewelry is insufficient to equate that the Debtor

15  owned same. In fact, Plaintiff cites no facts that said charges were for "high end" expensive clothes

16  and jewelry. Merely citing the name of the vendor, without citing the exact clothes and jewelry is

17  insufficient. Going one step further, the only "high end" clothing vendor is Bloomingdale's with a debt

18  of only $107.80. Plaintiff alleges no evidence that the Debtor purchased a Cartier wrist watch "which

19  likely had a retail value of at least $5,000.00" or a Céline handbag "which retails for $2,950.00," from

20  any of these stores. Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. § 727(a)(4) for this

21  factual scenario is properly dismissed.

22     **Alleged False Statement # 8:** The Debtor's alleged nondisclosure of some of her unidentified

23  jewelry that she sold off before bankruptcy to support herself (FAC ¶ 44h).

24     Plaintiff's FAC does not state what jewelry the Debtor allegedly sold proper to her bankruptcy

25  to support herself? Plaintiff's FAC does not state how the Debtor's sale were not within her ordinary

26  course of dealing (most debtors sell off their assets to stay afloat). Accordingly, Plaintiff's 3rd Cause

27  of Action under 11 U.S.C. § 727(a)(4) as to this factual scenario, is properly dismissed.

28

b.    **CONCLUSION**

Here, Plaintiff has not demonstrated, nor can he state a viable claim under any cause of action in his First Amended Complaint; lacking liability and filed for the purpose of harassment, unreasonable delay, and to obtain an unfair advantage in the state court action. This is particularly so when one examines the Complaint's claims, which consists of no more than the gratuitous and bare-bones boilerplate conclusions minimally invoking this Court's jurisdiction. Especially noteworthy, is the serious Federal Rule of Civil Procedure 11 - Federal Rule of Bankruptcy Procedure 9011 violation in the FAC's 2nd Cause of Action, misrepesenting to the Court that the Debtor did not produce requested documents to the Trustee, when she did.

For the above reasons, Defendant prays that this Court dismiss Plaintiff's First Amended Complaint with prejudice, that Plaintiff not be granted leave to amend, that Plaintiff take nothing by his First Amended Complaint, and that Defendant's alleged debt to Plaintiff be discharged. Further, Defendant prays that this Court issue a finding of fact that the claims brought by Plaintiff are dischargeable, and that pursuant to 11 U.S.C. § 524(a)(1) and (2), this discharge should also serve to void any future judgment to determine the personal liability of Defendant and operate as a permanent injunction against any actions whether commenced pre-petition or post-petition. Further, Defendant prays that this Court award Defendant's costs and reasonable attorney's fees in an amount which will be ascertained, pursuant to 11 U.S.C. § 523(d), Federal Rule of Civil Procedure 11 and Federal Rule of Bankruptcy Procedure 9011.

Accordingly, Defendant respectfully requests that the Court enter an order granting the *Motion* in its entirety, and providing for such other and further relief as this Court deems just.

DATED:        August 14, 2018              LAW OFFICE OF BARUCH C. COHEN
                                           A Professional Law Corporation

                                           By ____/S/ Baruch C. Cohen_____
                                           Baruch C. Cohen, Esq.
                                           *Attorney For Defendant Nanette Denise Marchand*

# EXHIBIT - 1

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE:                            .   Case No. 6:17-20091 (MW)
                                  .   Chapter 7
NANETTE DENISE MARCHAND,          .
                                  .   Riverside, California
              Debtor.            .   Thursday, June 14, 2018
------------------------.           9:00 a.m.
ROBERT BANHART,                   .
                                  .
         Plaintiff,              .   Adv. No. 6:18-01059 (MW)
         v.                       .
                                  .
NANETTE DENISE MARCHAND,          .
                                  .
         Defendant.              .
------------------------.

TRANSCRIPT OF DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT
BEFORE HONORABLE MARK S. WALLACE
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor/          Law Firm of Baruch C. Cohen
Defendant:               By: BARUCH C. COHEN, ESQ.
                         4929 Wilshire Blvd.; Suite 940
                         Los Angeles, CA 90010
                         (310)273-0590

For the Plaintiff:       Law Offices of Kyle P. Kelley
                         By: KYLE P. KELLEY
                         5540 North Lamar Boulevard
                         Austin, TX 78751
                         (310)273-0590

Court Recorder:          Yolanda Green
                         U.S. Bankruptcy Court
                         3420 Twelfth Street
                         Riverside, CA 92501
                         (855)460-9641

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1          THE COURT:  Matter Number 4 on the calendar, which

2   the Court will call Matter Number 5, each of these matters is

3   the bankruptcy -- the adversary proceeding of Banhart versus

4   Marchand, Adversary Proceeding Number 18-01059.  Matter Number

5   4 being heard on defendant's motion to dismiss adversary

6   complaint, and Matter Number 5 being status conference.

7          Appearances in Santa Ana, please?

8          MR. KELLEY:  Good morning, Your Honor.  Kyle Kelley

9   on behalf of the plaintiff, Robert Banhart, in the adversary

10  proceeding.

11         THE COURT:  All right.  And may I have the telephonic

12  appearance?

13         MR. COHEN:  Good morning, Your Honor.  On CourtCall,

14  Baruch Cohen representing defendant, Nanette Marchand.

15         THE COURT:  Good morning, Mr. Cohen.

16         Mr. Kelley, we'll take Matter Number 4 first, which

17  is the motion to dismiss.  Did you have a chance to see the

18  tentative ruling?

19         MR. KELLEY:  I did and I am embarrassed.  I apologize

20  for overlooking that provision.  And I actually did read the

21  local rules and it's my fault.  I blew that one.  I was hoping

22  there might be a sanction a little bit less severe than

23  dismissal since I believe we're past the time to file

24  dischargeability complaints and that would take me out of the

25  potential for a relation-back, if that would be possible.

**WWW.JJCOURT.COM**

1           THE COURT:  All right.  And I think you raise a good

2 point there about the time limit.  I mean, the Court had a

3 chance to review the complaint.  There really are -- I mean,

4 apart from the non-compliance with local Rule 9013-1(f)(2), I

5 think there are serious problems with the complaint in the

6 sense that you don't tie specific fact patters to specific

7 provisions of Section 727.

8           I mean, I think that rather than just setting forth a

9 whole bunch of facts and then at the very end concluding that

10 they're violations of 727, it doesn't really -- it doesn't

11 focus the matter properly in the Court's view.  I think what

12 you need to do is to tie -- is to basically state the

13 particular provision of 727.  And you can do this more than

14 once with respect to a particular provision and --

15           MR. KELLEY:  Sure.

16           THE COURT:  -- indicate the facts that would support

17 your contention that that provision of the code was violated.

18           MR. KELLEY:  Sure, I understand.  What I'd like to do

19 if Your Honor would be willing to allow me to amend the

20 complaint, what I'd like to do is I'd like to speak to Mr.

21 Cohen privately off the record.  I understand one of my major

22 factual allegations there may be some inaccuracy to it.  I've

23 spoken with the Trustee, which is, you know, investigating some

24 of the allegations and they've had trouble ascertaining it.

25 Mr. Cohen seemed to indicate in his opposition or, excuse me,

 1  in his moving papers that I was incorrect on certain things.

 2       So, if that's correct and he shows me the evidence to

 3  prove it, I don't want to waste the Court's time, you know,

 4  running down a rabbit hole on something that's going to turn

 5  out to be inaccurate.  So, if the Court would allow me to

 6  amend, I can take Your Honor's suggestions and, hopefully

 7  narrow the scope of the issues if Mr. Cohen would be willing to

 8  share some information with me informally.

 9       THE COURT:  Thank you, Mr. Kelley.

10       Mr. Cohen, the Court is leaning in favor of giving

11  Mr. Kelley an opportunity to amend the complaint here.  I think

12  I'm -- I tend to agree with him that just dismissal -- outright

13  dismissal based on 9013-1(f)(2) is probably going a little bit

14  too far.  What's -- what are your thoughts and what's your

15  argument?

16       MR. COHEN:  Well, I raised the deficiency in our

17  reply.  We view the rules of construction like the Court does

18  so that when the local bankruptcy rule says you must advise the

19  adverse party, that it's mandatory.

20       You know, this isn't like a situation of a party who

21  failed to prosecute.  This is more of a situation of a blatant

22  local bankruptcy rule which is actually cited in my motion

23  where I direct the reader's attention to that specific local

24  bankruptcy rule.  And to kind of blow it is sort of like

25  blowing the ABC's of bankruptcy litigation.  It's really a

1  glaring problem.  But --

2        THE COURT:  Mr. Cohen, let me -- I apologize for

3  interrupting, but let me just say -- let me just say one thing

4  at this point.  This Court -- I have been reversed by the BAP

5  where I gave four prior warnings to a particular plaintiff that

6  he needed to comply with local bankruptcy rule 7016-1 that

7  relates to a pre-trial conference.  I provided those writings

8  both orally and in writing, in boldface type, no less.  And I

9  warned him specifically that if he didn't comply, the most

10  likely outcome was that the Court would grant judgment of

11  dismissal in favor of the defendant.  And then he went and did

12  the very thing I warned him against four times.

13        So, I dismissed the case and the BAP reversed me.

14  They thought that four prior warnings are not enough.  You

15  know, presumably, five or ten warnings wouldn't have been

16  enough either because it wasn't in connection with prior non-

17  compliance.

18        And so, you know, when you -- and that's the _Olomi v._

19  _Tukhi_ case.  I don't have the cite for you but it's O-l-o-m-i

20  versus T-u-k-h-i.  You can't miss that one if you put those

21  names --

22        MR. COHEN:  I'm actually familiar with it because I

23  saw it on Your Honor's website -- on the court's website of

24  your published opinions going back.

25        THE COURT:  And that was reversed by the BAP.

**WWW.JJCOURT.COM**

 1            MR. COHEN:   In Re Tukhi?

 2            THE COURT:   Correct.  Yes.  And so I think that, you

 3  know, when you look at that and you look at -- I mean, the

 4  violation that occurred here is much more -- first of all there

 5  were no real, I mean, particular Court warnings.  I mean, to a

 6  certain extent, maybe, you could be perceived as having warned

 7  him about that.  But in any event it's a very minor matter and

 8  you were able to get your reply in anyway.  And it's a lot

 9  different than, you know, failing to comply with a pretrial

10  order rule.  And there weren't four prior warnings.

11            So, I just don't, I mean, if I were to take your

12  position in this, Mr. Cohen, I think it's a virtual certainty I

13  would be reversed by the BAP.

14            So, anyway, but continue with your argument.

15            MR. COHEN:   The Tukhi decision looked at to see

16  whether there was gross negligence, recklessness or willfulness

17  finding.  You know, I don't want to take advantage of opposing

18  counsel's snafu so I'm prepared to move beyond that issue.

19            THE COURT:   All right.  Very good.  So the Court's

20  thinking here is that it will -- what it will do is it will

21  grant the motion to dismiss with leave to amend.  And so you'll

22  need to file that amended pleading within the period of the

23  rule.

24            MR. KELLEY:   Very good.

25            THE COURT:   All right.  And, Mr. Kelley, you should

                         **WWW.JJCOURT.COM**

1  lodge the order on that and then you should have those
2  discussions with Mr. Cohen about what portions of the existing
3  complaint could perhaps be deleted based upon the fact that
4  they are not supported by sufficient evidence.

5          MR. KELLEY:  I will.

6          THE COURT:  All right.  Very good.  And so this – the
7  Court is going to -- we'll continue the status conference --
8  let's see here -- we'll continue the status conference to
9  September the 13th 2018 at 9 a.m. with an updated status report
10 due one week earlier -- that would be September the 6th 2018.
11 It should be a joint status report where you indicate what --
12 how much time you need for discovery and there's other things
13 that you need to attend to.  There's a form for it and that
14 form should be used.  It's really important to use the form.

15         MR. KELLEY:  Yeah.  Counsel and I filed a joint one
16 so --

17         THE COURT:  All right.

18         MR. KELLEY:  -- we'll update that.

19         THE COURT:  All right.  And the Court will prepare
20 the order continuing the status conference and we will see the
21 parties back here in due course.

22         MR. KELLEY:  Very good.  Thank you very much, Your
23 Honor.

24         MR. COHEN:  Thank you, Your Honor.

25                        *  *  *  *  *

**WWW.JJCOURT.COM**

## C E R T I F I C A T I O N

I ALYCE H. STINE, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Alyce H. Stine

ALYCE H. STINE

J&J COURT TRANSCRIBERS, INC.         DATE:   July 6, 2018


**WWW.JJCOURT.COM**

# EXHIBIT - 2

8/14/2018 Business Search - Business Entities - Business Programs | California Secretary of State

Case 6:18-ap-01059-MW Doc 27 Filed 08/14/18 Entered 08/14/18 14:59:21 Desc
Main Document Page 41 of 75

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, August 13, 2018. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## 201208910236 NAT GLOBAL PROPERTIES, LLC

| | |
|---|---|
| **Registration Date:** | 03/28/2012 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC |
| **Status:** | FTB SUSPENDED |
| **Agent for Service of Process:** | GERARD V KASSABIAN |
| | 9440 S SANTA MONICA BOULEVARD SUITE 708 |
| | BEVERLY HILLS CA 90210 |
| **Entity Address:** | 34 EXECUTIVE PARK SUITE 210 |
| | IRVINE CA 92614 |
| **Entity Mailing Address:** | 34 EXECUTIVE PARK SUITE 210 |
| | IRVINE CA 92614 |
| **LLC Management** | One Manager |

| Document Type ⬍ | File Date ⬇ | PDF |
|---|---|---|
| SI-COMPLETE | 10/26/2015 | |
| SI-COMPLETE | 07/16/2012 | |
| REGISTRATION | 03/28/2012 | |

\* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| **Modify Search** | **New Search** | **Back to Search Results** |
|---|---|---|

# EXHIBIT - 3

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David M Flader    119772<br>21700 Copley Dr, Ste 280<br>Diamond Bar, CA 91765<br>(909)860-9009 Fax: (909)860-9005 | |

☐ Individual appearing without attorney
☑ Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>**Nanette Denise Marchand**<br><br><br><br>Debtor(s) | CASE NO.: 6:17-bk-20091-MW<br>CHAPTER: 7<br><br>SUMMARY OF AMENDED SCHEDULES,<br>MASTER MAILING LIST,<br>AND/OR STATEMENTS<br>[LBR 1007-1(c)] |
|---|---|

A filing fee is required to amend Schedule D, or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is also required as an attachment if creditors are being added to the Schedule D or E/F. Are one or more creditors being added? ☐ Yes ☑ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☑ Schedule A/B    ☐ Schedule C    ☐ Schedule D    ☐ Schedule E/F    ☐ Schedule G

☐ Schedule H    ☐ Schedule I    ☐ Schedule J    ☐ Schedule J-2    ☑ Statement of Financial Affairs

☐ Statement About Your Social Security Number(s)    ☐ Statement of Intentions    ☐ Master Mailing List

☐ Other (specify)

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

_5/16/2018_ _____

Nanette Denise Marchand
Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

**NOTE:** It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21700 Copley Dr, Ste 280**
**Diamond Bar, CA 91765**

A true and correct copy of the foregoing document entitled (specify): __**Summary of Amended Schedules, Master**
**Mailing List, and or Statements** __ will be served or was served (a) on the judge in chambers in the form and manner
required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
(date) ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
  Trustee: John P Pringle (TR): brenfro@rpmlaw.com

United States Trustee (RS): ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached
page

**2. SERVED BY UNITED STATES MAIL:** On ____, I served the following persons and/or entities at the last known
addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached
page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method**
**for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) ____, I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached
page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **5/16/18** | **David M Flader** | **/s/ David M Flader** |
| Date: | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 2                          F 1007-1.1.AMENDED.SUMMARY

Nanette Denise Marchand
47201 El Agadir Circle
Palm Desert, CA 92260

David M Flader
Law Offices of Flader & Hirji, LLP
21700 Copley Dr, Ste 280
Diamond Bar, CA 91765

AMERICAN EXPRESS
PO Box 981537
El Paso, TX 79998

American Express Skymiles
POB 650448
Dallas, TX 75265

Assil Eye Institute
450 N. Roxbury Dr, Suite 300
Beverly Hills, CA 90210

Bloomingdale's
POB 78008
Phoenix, AZ 85062

Cedars - Sinai
POB 48954
Beverly Hills, CA 90211

Cedars - Sinai Medical Center
File 1108  1801 W. Olympic
Pasadena, CA 91199

Nordstrom
POB 791-37
Phoenix, AZ 85062


Patient Financial Services
POB 512480
Los Angeles, CA 90099


Robert Banhart
c/o Kyle P. Kelley, Esq
51 Rainey St, Ste 801
Austin, TX 78701


Robert J Carlson, LLP
16133 Ventura Blvd, Ste 1175
Encino, CA 91436


Rose & Co Studio llc
c/o Chetna Nanjappa
1525 Angelus Ave
Los Angeles, CA 90026


SEQUOIA FINANCIAL SVCS
28632 ROADSIDE DRIVE SUITE 110
Agoura Hills, CA 91301


Toyota Financial Services
POB 4102
Carol Stream, IL 60197


TOYOTA FINANCIAL SERVICES
POB 5855
Carol Stream, IL 60197

Wells Fargo Card Services
POB 51193
Los Angeles, CA 90051

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Nanette Denise Marchand** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **6:17-bk-20091-MW** | | |
| (if known) | | | |

■ Check if this is an
amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information        12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

| | Your assets Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B.................................. | $ 0.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B.......................... | $ 2,949.98 |
| 1c. Copy line 63, Total of all property on Schedule A/B.................................. | $ 2,949.98 |

### Part 2:   Summarize Your Liabilities

| | Your liabilities Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $ 16,535.46 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $ 6,466.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 251,062.44 |
| Your total liabilities | $ 274,063.90 |

### Part 3:   Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) | |
| Copy your combined monthly income from line 12 of *Schedule I*........................................ | $ 671.89 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) | |
| Copy your monthly expenses from line 22c of *Schedule J*........................... | $ 1,454.00 |

### Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts are those "incurred by an individual primarily for a personal, family, or household purpose."* 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box and submit this form to the court with your other schedules.*

Official Form 106Sum          Summary of Your Assets and Liabilities and Certain Statistical Information          page 1 of 2

Debtor 1   **Nanette Denise Marchand**                          Case number *(if known)*  **6:17-bk-20091-MW**

8.  **From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form   $         182.00
    122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.**

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:***

| From Part 4 on *Schedule E/F*, copy the following: | | Total claim |
|---|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ | 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ | 6,466.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ | 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ | 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ | 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ | 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ | 6,466.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

**Fill in this information to identify your case and this filing:**

| | | |
|---|---|---|
| Debtor 1 | **Nanette Denise Marchand** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number   **6:17-bk-20091-MW**

☑ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☑ No. Go to Part 2.

☐ Yes. Where is the property?

**Part 2:**  Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No

☑ Yes

| 3.1 | Make: **Lexus** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| | Model: **NX200T** | ☑ Debtor 1 only | |
| | Year: **2017** | ☐ Debtor 2 only | Current value of the entire property?    Current value of the portion you own? |
| | Approximate mileage: **12,500** | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | ☐ At least one of the debtors and another | |
| | **Closed end Lease** | | |
| | | ☐ Check if this is community property (see instructions) | **$0.00**          **$0.00** |

4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No

☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.......................................................=>      **$0.00**

**Part 3:**  Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. Household goods and furnishings
   *Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Nanette Denise Marchand**                    Case number *(if known)*    **6:17-bk-20091-MW**

■ Yes. Describe.....

| Household furniture in Storage with Stor America, Palm Desert | $1,500.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

□ No

■ Yes. Describe.....

| Computer and I-Pad | $300.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

□ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

□ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No

□ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

□ No

■ Yes. Describe.....

| Clothing | $300.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

□ No

■ Yes. Describe.....

| Watches, Micellaneous Jewelry | $500.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

□ No

■ Yes. Describe.....

| 2 Cats | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No

□ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ......................................................................    $2,600.00

Debtor 1    **Nanette Denise Marchand**                    Case number *(if known)*    **6:17-bk-20091-MW**

Do you own or have any legal or equitable interest in any of the following?

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

16. **Cash**
 *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
 ■ No
 ☐ Yes.................................................................................................

17. **Deposits of money**
 *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
 institutions. If you have multiple accounts with the same institution, list each.
 ☐ No
 ■ Yes.....................                                          Institution name:

| | | Institution name: | |
|---|---|---|---|
| 17.1. | **Savings** | **Chase Bank** **Saving #9560** | $100.15 |
| 17.2. | **Savings** | **Wells Fargo** **Saving #9626** | $2.41 |
| 17.3. | **Checking** | **Chase Bank** **Checking #0350** | $247.42 |

18. **Bonds, mutual funds, or publicly traded stocks**
 *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
 ■ No
 ☐ Yes..................        Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and**
 **joint venture**
 ☐ No
 ■ Yes. Give specific information about them...................
                    Name of entity:                                 % of ownership:

 **NAT Global Properties, LLC (No business**
 **conducted by this entity; suspended by the State**
 **of California as shown on the California**
 **Secretary of State website)**
 **Please see Attachment #1**                    **100**    **%**                    **$0.00**

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
 *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
 *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
 ■ No
 ☐ Yes. Give specific information about them
                    Issuer name:

21. **Retirement or pension accounts**
 *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
 ■ No
 ☐ Yes. List each account separately.
                    Type of account:        Institution name:

22. **Security deposits and prepayments**
 Your share of all unused deposits you have made so that you may continue service or use from a company
 *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
 ■ No
 ☐ Yes. .....................        Institution name or individual:

Debtor 1    **Nanette Denise Marchand**                             Case number (if known)    **6:17-bk-20091-MW**

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes.............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ☐ No
   ■ Yes.  Give specific information about them...

|  |  |
|---|---|
| Domain Name and Website www.capsulecollective.net (Domain name cancelled; website expired in 2017 and cancelled.) Please see Attachment #2 | $0.00 |

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ☐ No
   ■ Yes.  Give specific information about them...

|  |  |
|---|---|
| Real Estate license #CA BRE 01349048 | $0.00 |

**Money or property owed to you?**                          **Current value of the portion you own?** Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
   ■ No
   ☐ Yes. Give specific information..

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.
   Company name:                          Beneficiary:                          Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
   ■ No

Official Form 106A/B                          Schedule A/B: Property                          page 4

Debtor 1    **Nanette Denise Marchand**    Case number *(if known)*    **6:17-bk-20091-MW**

☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here...................................................................................................................    $349.98

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| **Part 7:** | Describe All Property You Own or Have an Interest in That You Did Not List Above |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54.  Add the dollar value of all of your entries from Part 7. Write that number here  .......................................    $0.00

| **Part 8:** | List the Totals of Each Part of this Form |

| | | | | |
|---|---|---|---|---|
| 55.  Part 1: Total real estate, line 2  .................................................................................... | | | | $0.00 |
| 56.  Part 2: Total vehicles, line 5 | | $0.00 | | |
| 57.  Part 3: Total personal and household items, line 15 | | $2,600.00 | | |
| 58.  Part 4: Total financial assets, line 36 | | $349.98 | | |
| 59.  Part 5: Total business-related property, line 45 | | $0.00 | | |
| 60.  Part 6: Total farm- and fishing-related property, line 52 | | $0.00 | | |
| 61.  Part 7: Total other property not listed, line 54 | + | $0.00 | | |
| 62.  Total personal property. Add lines 56 through 61... | | $2,949.98 | Copy personal property total | $2,949.98 |
| 63.  Total of all property on Schedule A/B. Add line 55 + line 62 | | | | $2,949.98 |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Nanette Denise Marchand** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **6:17-bk-20091-MW** | | |
| (if known) | | | |

■ Check if this is an amended filing

# Official Form 107
# Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1.  **What is your current marital status?**

    ☐  Married
    ■  Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ☐  No
    ■  Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| **8950 W Olympic Blvd #319 Beverly Hills, CA 90211** | From-To: **2015 TO 2017** | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 From-To: |

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ■  No
    ☐  Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ■  No
    ☐  Yes. Fill in the details.

| Debtor 1 | | Debtor 2 | |
|---|---|---|---|
| Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |

Debtor 1    **Nanette Denise Marchand**    Case number *(if known)*    **6:17-bk-20091-MW**

5. **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 Sources of income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| From January 1 of current year until the date you filed for bankruptcy: | Retirement Income (Closed acct) | $1,020.00 | | |
| For last calendar year: (January 1 to December 31, 2016 ) | Real Estate sales commisions | $89,945.00 | | |
| For the calendar year before that: (January 1 to December 31, 2015 ) | Real Estate sales commisions | $53,469.00 | | |

---

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
   ☐ **No.** Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
   ☐ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

   ■ **Yes.** Debtor 1 or Debtor 2 or both have primarily consumer debts.
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ■ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

Debtor 1    **Nanette Denise Marchand**                                    Case number (if known)    **6:17-bk-20091-MW**

8.  Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?
    Include payments on debts guaranteed or cosigned by an insider.

    ■  No
    ☐  Yes. List all payments to an insider

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
    |---|---|---|---|---|

---

**Part 4:**    Identify Legal Actions, Repossessions, and Foreclosures

9.  Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐  No
    ■  Yes. Fill in the details.

    | Case title Case number | Nature of the case | Court or agency | Status of the case |
    |---|---|---|---|
    | **Robert Banhart vs. Nanette Marchand SC125031** | **Complaint for Money** | **Los Angeles Superior Court 1725 Main Street Santa Monica, CA 90401** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
    Check all that apply and fill in the details below.

    ■  No. Go to line 11.
    ☐  Yes. Fill in the information below.

    | Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
    |---|---|---|---|

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

    ■  No
    ☐  Yes. Fill in the details.

    | Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
    |---|---|---|---|

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

    ■  No
    ☐  Yes

---

**Part 5:**    List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

    ■  No
    ☐  Yes. Fill in the details for each gift.

    | Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
    |---|---|---|---|
    | Person to Whom You Gave the Gift and Address: | | | |

Debtor 1    **Nanette Denise Marchand**                    Case number (if known)    **6:17-bk-20091-MW**

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No

☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>**Charity's Name**<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

**List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No

☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of Schedule A/B: Property. | Date of your loss | Value of property lost |
|---|---|---|---|

**List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No

☑ Yes. Fill in the details.

| Person Who Was Paid<br>**Address**<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **David Flader**<br>**FLADER & HIRJI, LLP**<br>**21700 E. Copley Dr**<br>**Diamond Bar, CA 91765** | | **October 2017** | **$1,500.00** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No

☐ Yes. Fill in the details.

| Person Who Was Paid<br>**Address** | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No

☐ Yes. Fill in the details.

| Person Who Received Transfer<br>**Address**<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

Debtor 1   **Nanette Denise Marchand** _____     Case number *(if known)*   **6:17-bk-20091-MW**

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **Fidelity Brokerage Services** | XXXX-9909 | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■ Other **Closed out retirement account** | 9/25/17 | $1,002.00 |
| **Bank of America** | XXXX-3064 | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■ Other **Business Checkin account #3064** | January 27, 2017 | $301.74 |
| **Bank of America** | XXXX-4785 | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■ Other **Business Savings Account #4785** | January 27, 2017 | $500.04 |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☐ No
■ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

Debtor 1   **Nanette Denise Marchand**                              Case number *(if known)*   **6:17-bk-20091-MW**

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| **Stor America**<br>**42nd Street**<br>**Palm Desert, CA 92260** | **Myself** | **Household goods, Files** | ☐ No<br>■ Yes |
| **SoCal Self Storage**<br>**2240 Sawtelle Blvd**<br>**Los Angeles, CA 90064** | **myself** | **Household Goods and files** | ■ No<br>☐ Yes |

---

**Part 9:   Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

   ■ No
   ☐ Yes. Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

---

**Part 10:   Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

   ■ No
   ☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

   ■ No
   ☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

   ■ No
   ☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

Debtor 1    **Nanette Denise Marchand**                                Case number (if known)  **6:17-bk-20091-MW**

**Part 11:    Give Details About Your Business or Connections to Any Business**

27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☑ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

☑ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br>Dates business existed |
|---|---|---|
| Rose & Co Studio, LLC<br>1525 Angelus Ave<br>Los Angeles, CA 90026 | Clothing Manufact  er<br><br>Nanette Marchand | EIN:  47-2096193<br>From-To  10/9/2014 to 2/13/2017 |
| NAT Global Properties, LLC<br>9440 S Santa Monica Blvd<br>Suite 705<br>Beverly Hills, CA 90210 | No  usiness  conducted by this<br>entity; Suspended by the State of<br>California<br><br>Nanette Marchand | EIN:  45-4989972<br>From-To  03/28/2012 |

28.  Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☑ No
☐ Yes. Fill in the details below.

Name
Address
(Number, Street, City, State and ZIP Code)                Date Issued

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

Nanette D Marchand

Nanette Denise Marchand                        Signature of Debtor 2
    of Debtor 1

    5/16/2018                                Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☑ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

8/14/2018    LAW OFFICE OF BARUCH C. COHEN, APLC Mail - 6:18-ap-01059-MW Banhart v. Marchand - Plaintiff's First Amended Complaint, 2nd ...

Case 6:18-ap-01059-MW    Doc 27    Filed 08/14/18    Entered 08/14/18 14:59:21    Desc
Main Document    Page 62 of 75

BARUCH COHEN <baruchcohen@baruchcohenesq.com>

## 6:18-ap-01059-MW Banhart v. Marchand - Plaintiff's First Amended Complaint, 2nd Cause of Action for Denial of Discharge under 11 U.S.C. §727(a)(3)) - FRCP 11 - FRBP 9011 violation

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>    Sun, Aug 12, 2018 at 9:01 AM
Reply-To: bcc@baruchcohenesq.com
To: "Kyle P. Kelley" <kkelley@kpklaw.com>, David Flader <dmflader@gmail.com>
Bcc: Nanette Marchand <nanettemarchand1@gmail.com>

Counsel:

- I wish to bring to your attention a serious FRCP 11 - FRBP 9011 violation contained in Plaintiff's 7-16-2018 *First Amended Complaint*.
- The FAC's 2nd Cause of Action for Denial of Discharge under 11 U.S.C. §727(a)(3), paragraph 37 alleges:
  - "Plaintiff is informed and believes and based thereupon alleges that debtor failed to maintain and preserve her business records. For example, *the Trustee requested that debtor produce her banking records from and after the November, 2015 real estate closing, has failed to do so*, either because debtor failed to preserve and maintain those records, or because they prove debtor's fraud and she does not want to release them."
- That allegation is completely false.
- On 4-19-2018, the Trustee requested these documents, and **on 7-16-2018, the Debtor produced them in full to the Trustee**. They were send via email in pdf format, per the Trustee's request. Due to the large volume of information, Debtor's counsel David Flader had to send them in 5 separate emails. Copies of the correspondence are attached.
- I am sure that you know that FRCP 11(b)(3) and FRBP 9011(b)(3) prohibit factual representations to the Court that have no evidentiary support. As the above allegation is factually false, I trust that you will voluntarily withdraw the 2nd Cause of Action in your First Amended Complaint, **on Monday 8-13-2018**, so that I do not have to bring this serious FRCP 11 - FRBP 9011 violation to the Court's attention.
- If you refuse to do so, and we end up litigating this cause of action, I will subpoena your records, to determine whether you conducted any inquiry from the Chapter 7 Trustee as to this claim and prosecute accordingly. I trust that this will not be necessary, and you will do the right thing and withdraw the FAC's 2nd Cause of Action for Denial of Discharge under 11 U.S.C. §727(a)(3) immediately.
- Please confirm that you will withdraw the FAC's 2nd Cause of Action for Denial of Discharge under 11 U.S.C. §727(a)(3) tomorrow.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (323) 937-4503
**New Email:** bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)

American Trial Attorneys in Defense of Israel
(http://attorneysdefendingisrael.blogspot.com/)
(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)    (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)    bcc4929

*2013*, 2015, 2016, 2017, & 2018 *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

(https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality6&)

Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality6&)

---

**7 attachments**

(?
ui=2&ik=3b6bf1d349&view=att&th=1652ede984ffb52b&attid=0.1&disp=attd&realattid=f_jkr0kw2i0&safe=1&zw)    **MARCHAND - DEBTOR'S LIST OF DOCUMENTS PRODUCED TO TRUSTEE 7-17-2018.pdf**
197K

(?
ui=2&ik=3b6bf1d349&view=att&th=1652ede984ffb52b&attid=0.2&disp=attd&realattid=f_jkr0kw2w1&safe=1&zw)    **MARCHAND - TRUSTEE PRINGLE'S DOC-DEMANDS 4-18-2018.pdf**
92K

(?
ui=2&ik=3b6bf1d349&view=att&th=1652ede984ffb52b&attid=0.3&disp=attd&realattid=f_jkr0l35a2&safe=1&zw)    Gmail - Ch. 7 BK Case No. 6_17-bk-20091-MW (Debtor Nanette Denise Marchand)7-16-18.943am.pdf
84K

(?
ui=2&ik=3b6bf1d349&view=att&th=1652ede984ffb52b&attid=0.4&disp=attd&realattid=f_jkr0l35n3&safe=1&zw)    Gmail - Ch. 7 BK Case No. 6_17-bk-20091-MW (Debtor Nanette Denise Marchand)7-16-18.946am.pdf
80K

Case 6:18-ap-01059-MW    Doc 27    Filed 08/14/18    Entered 08/14/18 14:59:21    Desc

Main Document      Page 63 of 75

📄 ⁇
ui=2&ik=3b6bf1d349&view=att&th=1652ede984ffb52b&attid=0.5&disp=attd&realattid=f_jkr0l35z4&safe=1&zw)

Gmail - Ch. 7 Bk Case No. 6_17-bk-20091-MW
(Debtor Nanette Denise Marchand)7-16-
18.956am.pdf
80K

📄 ⁇
ui=2&ik=3b6bf1d349&view=att&th=1652ede984ffb52b&attid=0.6&disp=attd&realattid=f_jkr0l36b5&safe=1&zw)

Gmail - Ch. 7 Bk Case No. 6_17-bk-20091-MW
(Debtor Nanette Denise Marchand)7-16-
18.957am.pdf
80K

📄 ⁇
ui=2&ik=3b6bf1d349&view=att&th=1652ede984ffb52b&attid=0.7&disp=attd&realattid=f_jkr0l36n6&safe=1&zw)

Gmail - Ch. 7 Bk Case No. 6_17-bk-20091-MW
(Debtor Nanette Denise Marchand)7-16-
18.959am.pdf
84K

# EXHIBIT - 4

**M Gmail**                                                 David Flader <dmflader@gmail.com>

## 17-20091-MW [ MARCHAND, NANETTE DENISE ]

**Rebecca Renfro** <brenfro@rpmlaw.com>                     Thu, Apr 19, 2018 at 3:08 PM
To: "DMFLADER@GMAIL.COM" <DMFLADER@gmail.com>
Cc: "Lee, Linda (Linda.Lee@CBIZ.com)" <Linda.Lee@cbiz.com>


The Trustee is requesting the Debtor provide the following documents:


1. Bank statements for the following identified accounts from 12/1/13-11/1/15:

   JP Morgan/Chase xxx0350

   JP Morgan Chase xxx9560


2. Bank statements and check copies (front and back) from 12/1/13-11/1/15:

   Wells Fargo xxx9626


3. Check copies only (front and back) from 11/1/15-12/31/17

   Wells Fargo xxx9626


4. Bank statements, check copies (front and back) for any additional bank accounts, including but not limited to checking, savings, money markets, CD's for which the Debtor was named or had signatory rights (including family trusts, 401K accounts, retirement plans) from 12/1/13 forward.

   Including the following account:  A transfer from Wells xxx9626 to "*Nanette Marchand personal account*" for which the account number was not identified on the bank statement


5. Credit card statements for Debtor and all entities including but not limited to DBAs, partnerships, corporations and LLC's in which the Debtor held any ownership interest in within the last four years and for which the Debtor had signatory authority to access the account


6. Personal income tax for 2016 (return provided)-  K-1's in support (not provided with return)


7. Personal income tax returns for 2013, 2014 & 2015 including K-1's and W-2(s) in support of same


8. Income tax returns for all entities including but not limited to DBAs, partnerships, corporations and LLC's in which the Debtor held any ownership interest in within the last four years


9. Promissory notes, demand notes, security agreements and any other notes executed by the debtor

10. Lease copies for all leased property including but not limited to residence, office and storage space of all entities including but not limited to DBAs, partnerships, corporations and LLC's in which the Debtor held any ownership interest for the last four years

Thank you,

Becky Renfro

Trustee Administrator for John P. Pringle

6055 E. Washington Blvd., Suite 500

Los Angeles, CA 90040

Telephone: (323) 724-3200, ext. 331

Facsimile: (323) 724-5410

Nanette Denise Marchand
Chapter 7 Bankruptcy Case No. 6:17-bk-20091-MW
(filed 12/08/17)


List of Documents provided to trustee per 4-19-18 Request


Item 1: Bank statements for Case Bank Accounts ending
0350 & 9560 (12/1/13-11/1/15)
1. Account ending 0350. Statements Dec. 2013 through Nov. 2015
2. Account ending 9560. Statements Dec. 2013 through Nov. 2015


Item 2: Bank statements for Wells Fargo Bank Account ending
9626 (12/1/13-11/1/15) and Check Copies
1. Wells Fargo Bank Savings Account ending 9626 (File 1)
2. Wells Fargo Bank Savings Account ending 9626 (File 2)
Note: This is a savings account. There are no checks.


Item 3: Check Copies for Wells Fargo Bank Account ending
9626 (1/1/15-12/31/17)
Note: This is a savings account. There are no checks.


Item 4: Bank Statements and Check Copies for any additional
bank accounts for which the Debtor was named or had
signatory rights (12/1/13-present)

1. Rose & Co. Studio, LLC B of A Account ending 4785 (Opened June 2016, Closed January 2017);
        8 Months open, 8 statements provided
2. Rose & Co. Studio, LLC B of A Account ending 3064 (Opened June 2016, Closed January 2017);
        8 Months open, 8 statements provided
3. Rose & Co. Studio, LLC B of A Account ending 5995 (Opened December 2014, Closed July 2016);
        20 Months open, 20 statements provided
4. Rose & Co. Studio, LLC B of A Account ending 0450 (Opened November 2014, Closed June 2016);
        20 Months open, 20 statements provided
5. Rose & Co. Studio, LLC B of A Account ending 8636 (Opened November 2014, Closed July 2016);
        21 Months open, 21 statements provided


Note: Bank of America is unable to provide copies of checks.


6. Copy of Chase Bank Account (ending 0350) statement,
indicating 2/18/16 $2,000 transfer from Wells Fargo Bank Account (ending 9626)


Item 5: Credit Card Statements for Debtor and all entities in
which Debtor held any ownership interest and signatory
access to the account (last 4 years)
1. Wells Fargo Visa Card ending 4789 (July 2015-July 2016)        (Card lost June 2016.)
2. Wells Fargo Visa Card ending 1473 (April 2017-February 2018)        (Card lost March 2017.)

3. Wells Fargo Visa Card ending 6868 (June 2016-March 2017)

4. Bloomingdale's credit card statements

5. American Express Card ending 6-71004 statements

6. American Express Card ending 6-73000 statements

7. Citibank Diamond Preferred Card ending 3692 statements

8. Macy's Star Rewards Credit Card statements

9. Nordstrom Credit Card Statements

### Item 6: K-1s for 2016 personal tax return

1. Rose & CO., LLC K-1 (2016)

### Item 7: 2013, 2014 & 2015 personal tax returns & K-1s

1. 2013 personal income tax returns

2. 2014 personal income tax returns

3. 2015 personal income tax returns

4. 2014 K-1

5. 2015 K-1

No K-1's received for 2013.

No W-2's received for 2013,2014,2015.

### Item 8: Income Tax Returns for all entities in which
### Debtor held any ownership interest (2014,2015,2016,2017)

1. Rose & Co., LLC 2014 tax return

2. Rose & Co., LLC 2015 tax return

3. Rose & Co., LLC 2016 tax return

Rose & Co., LLC was closed in 2016.  No 2017 tax return.

### Item 9: Notes and Security Agreements executed by Debtor

1. Rose & Co., LLC Promissory Note (1-26-16)

### Item 10: Leases

1. Residential Lease dated 1-15-15 (10307 Missouri Ave., #101, Los Angeles, CA 90025)

2. Residential Lease dated 5-01-17 (47201 El Agadir, Palm Desert, CA 92260)

3. Rose & Co., LLC Commercial Lease dated 10-15-14)

M Gmail

**David Flader <dmflader@gmail.com>**

---

## Ch. 7 BK Case No. 6:17-bk-20091-MW (Debtor Nanette Denise Marchand)

---

**David Flader <dmflader@gmail.com>**                                                         Mon, Jul 16, 2018 at 9:46 AM
To: Rebecca Renfro <brenfro@rpmlaw.com>, Hanif Hirji <hsphirji@gmail.com>
Bcc: Nanette Marchand <nanettemarchand1@gmail.com>

Ms. Renfro,

Please find attached a zipped folder pertaining to Item 4 in response to the document request for the above reference case.

Sincerely,

David M. Flader, Esq.

Flader & Hirji, LLP
21700 Copley Drive
Suite 280
Diamond Bar, CA 91765
Tel: (909) 860-9000
Fax: (909) 860-9005

www.fhlaw1.com

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information herein is confidential, privileged and exempt from disclosure under applicable law.

This E-mail (including attachments) are intended solely for the use of the addressee hereof. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by calling the sender collect at (909) 860-9000 or by electronic mail at dflader@fhlaw1.com immediately and delete or destroy all copies of this transmission. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

📧 **Item 4.zip**
24756K

 Gmail

**David Flader <dmflader@gmail.com>**

## Ch. 7 Bk Case No. 6:17-bk-20091-MW (Debtor Nanette Denise Marchand)

**David Flader <dmflader@gmail.com>**                                    Mon, Jul 16, 2018 at 9:56 AM
To: Rebecca Renfro <brenfro@rpmlaw.com>, Hanif Hirji <hsphirji@gmail.com>
Bcc: Nanette Marchand <nanettemarchand1@gmail.com>

Ms. Renfro,

Please find attached the first of two zipped folders pertaining to Item 5 in response to the document request for the above reference case. I had to split Item 5 into two folders, Item 5A and Item 5B, due to the extremely large size of the original folder (i.e., Item 5).

Sincerely,

David M. Flader, Esq.

Flader & Hirji, LLP
21700 Copley Drive
Suite 280
Diamond Bar, CA 91765
Tel: (909) 860-9000
Fax: (909) 860-9005

www.fhlaw1.com

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information herein is confidential, privileged and exempt from disclosure under applicable law.

This E-mail (including attachments) are intended solely for the use of the addressee hereof. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by calling the sender collect at (909) 860-9000 or by electronic mail at dflader@fhlaw1.com immediately and delete or destroy all copies of this transmission. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

📄 **Item 5A.zip**
24545K

 **Gmail**

David Flader <dmflader@gmail.com>

---

## Ch. 7 BK Case No. 6:17-bk-20091-MW

---

**David Flader** <dmflader@gmail.com>

Mon, Jul 16, 2018 at 9:57 AM

To: Rebecca Renfro <brenfro@rpmlaw.com>, Hanif Hirji <hsphirji@gmail.com>
Bcc: Nanette Marchand <nanettemarchand1@gmail.com>

Ms. Renfro,

Please find attached the second of two zipped folders pertaining to Item 5 in response to the document request for the above reference case. I had to split Item 5 into two folders, Item 5A and Item 5B, due to the extremely large size of the original folder (i.e., Item 5).

Sincerely,

David M, Flader, Esq.

**Flader & Hirji, LLP**
**21700 Copley Drive**
**Suite 280**
**Diamond Bar, CA 91765**
**Tel: (909) 860-9000**
**Fax: (909) 860-9005**

**www.fhlaw1.com**

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information herein is confidential, privileged and exempt from disclosure under applicable law.

This E-mail (including attachments) are intended solely for the use of the addressee hereof. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by calling the sender collect at (909) 860-9000 or by electronic mail at dflader@fhlaw1.com immediately and delete or destroy all copies of this transmission. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

📄 **Item 5B.zip**
13312K

 Gmail

**David Flader <dmflader@gmail.com>**

---

## Ch. 7 BK Case No. 6:17-bk-20091-MW (Debtor Nanette Denise Marchand)

---

**David Flader <dmflader@gmail.com>**                                    Mon, Jul 16, 2018 at 9:59 AM
To: Rebecca Renfro <brenfro@rpmlaw.com>, Hanif Hirji <hsphirji@gmail.com>
Bcc: Nanette Marchand <nanettemarchand1@gmail.com>

Ms. Renfro,

Please find attached five zipped folders pertaining to Items 6-10, in response to the document request for the above
reference case.

Sincerely,

David M. Flader, Esq.

**Flader & Hirji, LLP**
**21700 Copley Drive**
**Suite 280**
**Diamond Bar, CA 91765**
**Tel: (909) 860-9000**
**Fax: (909) 860-9005**

**www.fhlaw1.com**

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§
2510-2521. The information herein is confidential, privileged and exempt from disclosure under applicable law.

This E-mail (including attachments) are intended solely for the use of the addressee hereof. If you are not the intended
recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or
otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee
that the integrity of this communication has been maintained or that this communication is free of errors, viruses or
other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not
intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender
by calling the sender collect at (909) 860-9000 or by electronic mail at dflader@fhlaw1.com immediately and delete or
destroy all copies of this transmission. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any
U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing, or recommending to another party any transaction or matter addressed herein.

---

**5 attachments**

📄 **Item 6.zip**
63K

📄 **Item 7.zip**
3547K

📄 **Item 8.zip**
2872K

📄 **Item 9.zip**
80K

📄 **Item 10.zip**
2656K

M Gmail                                                           David Flader <dmflader@gmail.com>

## 17-20091-MW [ MARCHAND, NANETTE DENISE ]

**David Flader** <dmflader@gmail.com>                                Mon, Jul 16, 2018 at 9:43 AM
To: Rebecca Renfro <brenfro@rpmlaw.com>, Hanif Hirji <hsphirji@gmail.com>
Bcc: Nanette Marchand <nanettemarchand1@gmail.com>

Ch. 7 BK Case No. 6:17-bk-20091-MW
Debtor: Nanette Denise Marchand

Ms. Renfro:

The debtor Nanette Denise Marchand has now completed compiling the information the trustee has requested. Please find attached a summary of the documents provided.

Per our discussion, I will be sending you the documents in pdf format, all in zipped folders. I have attached two folders to this email, pertaining to Items 1 and 2. You will receive three additional emails from me, one email pertaining to Item 4, another email for Item 5, and a final email for Items 6-10. Please note that Item 3 was a request for copies of checks for the Wells Fargo Bank Account ending 9626. This is a savings account. There are no checks, and therefore there are not documents pertaining to Item 3. I made a note of this on the summary.

The debtor and this office appreciate your patience and the patience of trustee while all of the documents have been compiled. Please advise if you have any questions.

Sincerely,

David M. Flader, Esq.

**Flader & Hirji, LLP**
**21700 Copley Drive**
**Suite 280**
**Diamond Bar, CA 91765**
**Tel: (909) 860-9000**
**Fax: (909) 860-9005**

**www.fhlaw1.com**

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information herein is confidential, privileged and exempt from disclosure under applicable law.

This E-mail (including attachments) are intended solely for the use of the addressee hereof. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by calling the sender collect at (909) 860-9000 or by electronic mail at dflader@fhlaw1.com immediately and delete or destroy all copies of this transmission. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

[Quoted text hidden]

**3 attachments**

**ListofDocumentsprovidedtoTrusteeper4-19-18Request.pdf**
197K

**Item 1.zip**
774K

**Item 2.zip**
299K

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **MOTION TO DISMISS 1st AMENDED ADVERSARY COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO: 1) 11 U.S.C. § 727(A)(2); 2) 11 U.S.C. § 727(A)(3); 3) 11 U.S.C. § 727(A)(4)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 14, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kyle P Kelley (Plaintiff)         kkelley@kpklaw.com
John P Pringle (TR)              brenfro@rpmlaw.com, jpp@trustesolutions.net
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **August 14, 2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 14, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Mark S Wallace
USBC, Ronald Reagan Federal Building and Courthouse 411 West Fourth Street, Suite 6135, Santa Ana CA 92701

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 14, 2018 | Baruch C. Cohen | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**